JUDGE HARDIN
delivered the opinion oe the court.
This was an ordinary action by the appellant, as the holder of a bill of exchange .for $ 1,262.50, dated at Charleston, Missouri, the 10th day of June, 1861, drawn by P. N. Marr upon Samuel Y. Thomas, New Orleans, Louisiana, payable to the order of Thomas Allen, and indorsed by him and Shelby Sheets.
It appears that the bill was presented for acceptance in New Orleans on the 17th of July, 1861, and thereupon protested for non-acceptance, of which notices addressed to the parties were mailed by the notary to the agents of the plaintiff, but it does not appear they were legally forwarded to the defendants, who in their defense denied that due notice of said protest was given, and claimed exoneration on that ground.
The principle is well settled, that although the holder of a bill of exchange, payable at a given time, is not *616 bound to present it to the drawee for acceptance until it becomes due; yet if he does so, and the bill is dishonored, he is bound to give due notice of the fact to the parties whom he intends to hold bound. (Landrum v. Trowbridge, &c., 2 Met. 281; Story on Bills, sections 227, 228, 284.)
But the appellant questions the correctness of the judgment dismissing the petition, on a trial of the case by the court, mainly on the ground that at the time of said protest the civil war had become flagrant, and so suspended commercial intercourse between the hostile sections of the country as to dispense with the necessity of notice of protest to bind the drawer and indorsers of said bill; and especially so as the bill was not protested till after the passage of the act of Congress of the 13th of July, 1861, authorizing the President to issue his proclamation interdicting commercial intercourse between the citizens of certain belligerent states, although the proclamation was not issued till the 16th of August, 1861, near one month after the bill was protested.
But this case must be ruled by the case of Leathers v. The Commercial Insurance Company, 2 Bush, 296, in which, upon a careful consideration of the subject, this court, referring to the proclamation of the 16th of August, 1861, as public notice of the congressional recognition of a state of war, held that “ before that time contracts and other acts of commercial intercourse were not made illegal by the war.”
Notwithstanding the disturbed condition of the country, which we know judicially to have existed when the bill was protested, it does not appear that there was at that time such obstruction of intercommunication between the southern and border states as to prevent the transmission and delivery of notice of the dishonor of said bill.
*617 "Wherefore, it not appearing to have been either illegal or morally or physically impossible to give notice of said protest, the judgment is affirmed.