Sonnenberg v. Riedel,

---

## AUGUST SONNENBERG,

### *vs.*

## CHARLES RIEDEL.

A being indebted to B in $300 and interest, to become due in March, 1867, paid to B in January, 1867, and B received the sum of $100 in full of such debt. B's motive in so doing, was compassion for A's misfortune in having shortly before been burned out. Afterwards B sued A for the balance of said debt. *Held,* that such payment and receipt constituted a good defense to the action.

A party will not be heard to allege that he was misled by a variance between the pleading and proof, in respect to matters not material to the issue.

This action was brought in the district court for Hennepin county, and was tried by a referee, who reported judgment for the defendant. The plaintiff moved in the court below for judgment, notwithstanding the report, and for a new trial, upon the ground that the report was not justified by the evidence and was contrary to law. Both motions were denied by the district court, and the plaintiff appeals from the order denying his motions and directing judgment to be entered according to the report of the referee. The facts found by the referee, and the points made by the plaintiff are sufficiently stated in the opinion of the court.

SHILLOCK & JEROME for Appellant.

L. E. THOMPSON for Respondent.

*By the Court*—RIPLEY, Ch. J.—The referee who tried this case finds, that on the 12th January, 1867, the defendant owed the plaintiff $300 and some accrued interest, which would become due on the first of March, 1867. That on said 12th day of January, the defendant paid to the plaintiff, and the plaintiff received the sum of $100, in full of said debt. That the plaintiff's motive in so doing, was compassion for defendant's misfortune in having shortly before been burned out.

Plaintiff in this action sues for the balance of said debt. The law on this subject of accepting part in satisfaction of the whole is stated with clearness and brevity by Judge Metcalf, as follows: "A promise to take a less sum in satisfaction of a greater, where the greater sum is fixed and liquidated, or is ascertainable by mere mathematical calculation, is without consideration and void; and after taking it and agreeing to discharge the debtor, the creditor may recover the balance. *Aliter*, if a sealed acquittance be

Sonnenberg v. Riedel.

given in satisfaction of the whole on receiving part, or if the debtor pay a less sum, either before the agreed day of payment, or at another place, and the creditor receive it in full satisfaction. 'There must be some consideration,' says Lord Ellenborough, (5 *East.* 232,) 'for the relinquishment of the residue; something collateral to show a possibility of benefit to the party relinquishing his further claim; otherwise the agreement is *nudum pactum.*' And as the strict rule of law may be urged in violation of good faith, it is not to be extended beyond its precise import; and whenever the technical reason for its application does not exist, the rule itself is not to be applied. Hence judges have been disposed to take out of its application those cases, where there was any new consideration, or any collateral benefit received by the payee, which might raise a technical legal consideration." *Principles of the Law of Contracts, pp.* 191, 192. *See also Stewart v. Hidden,* 13 *Minn.* 43. Applying these rules to the facts in the case. the conclusion of the referee, that the settlement was binding and a bar to this action, appears to be correct. The plaintiff however contends, that to make it so, the parties should have agreed, at the time, and as a part of their bargain, that the making of such payment before the debt fell due, should be the consideration of such acceptance. This is a mistake. If, the debt being due, the plaintiff, from motives of compassion, had accepted $100 in full thereof, he might afterwards, "with legal impunity, have violated his promise to his debtor, however freely and understandingly made," (*Dewey J.*, 2 *Met.* 285;) for, though binding on his conscience, it is in law, without consideration, and *nudum pactum.* But, as above stated, this strict rule of law is not to be applied whenever the technical reason for its application does not exist. If, therefore, in the case supposed, he had given

his debtor a sealed acquittance, he would have been barred; for the seal importing a consideration, the technical reason for the application of the rule, viz, want of consideration, no longer exists

So, payment before the day, or at a different place, is something collateral to the payment itself, showing a possibility of benefit to the party relinquishing his further claim, (for, as is said in *Pinnel's case*, 5 *Co.* 117, "peradventure parcel of the sum before the day would be more beneficial to him than the whole at the day,") and, like a seal, it raises or imports a technical legal consideration, and so, the technical reason of the rule, viz., want of consideration, ceasing, the rule itself in these cases also ceases to be applicable; and it is obvious, that whether the rule shall be applied or not depends upon the existence or non-existence of a consideration, and not at all upon the recognition of that fact by the parties.

The plaintiff makes some other points in support of his motion for judgment notwithstanding the report, and of his motion for a new trial for the reason that the report is contrary to law, which we will briefly consider. The first is, that there is such a variance between the answer and the defendant's evidence, that the latter was not admissible under the allegations in the former, and should have been disregarded by the referee.

The complaint alleges in substance that, for certain property sold by plaintiff to defendant, the latter promised to pay him $900 "until spring 1867," with interest; that during 1866 he paid $600, and in January, 1867, $100; and that the balance of "said purchase money," amounting to $200, and interest as specified, is due and unpaid. The answer alleges "that, on the 29th day of December, 1866, and before said debt became due and payable, this defend-

ant paid to said plaintiff the sum of $100 in full satisfaction and discharge of the same demand and claim mentioned in the plaintiff's complaint in this action; which said sum of one hundred dollars the said plaintiff then and there accepted and received of and from this defendant in full satisfaction and discharge of the said sum, claim and demand mentioned in the plaintiff's complaint." The plaintiff contends that the words "*debt*," and "*sum, claim* and *demand*," must be taken to refer to the "$200 and interest, alleged in the complaint to be due and unpaid at the commencement of the action; that the answer therefore admits its existence, and must be held to allege that the defendant paid some $100 in satisfaction of it, other than the one mentioned in the complaint as paid in January, 1867; whereas his proof is, that he never paid any other $100 than that, in satisfaction of a then existing balance of indebtedness of $300, and that he denies that the debt of $200 ever existed."

But we think this is being too critical. The answer may be well held to refer to that debt which was unpaid on December 29, 1866, viz: $300 and interest, and when it alleges that on that day defendant paid and plaintiff accepted $100, in satisfaction of the "same demand and claim mentioned in the complaint," it may properly be taken to refer to the unpaid balance of purchase money as it existed on that day. The defendant's evidence corresponds with the answer thus interpreted, for it is, that he paid the $100 on December 29th, 1866, in full of $300. The obscurity in the answer arises from the want of an explicit averment that the $100 therein mentioned, is the same $100 averred in the complaint to have been paid in January, 1867, but we think perhaps it is reasonably to be inferred; if not, it presents a case in which plaintiff should have moved that the answer be made more definite and certain. Again, if we suppose

with plaintiff, that it admits the payment of another $100, in January, 1867, this would be a voluntary payment, made after the debt was satisfied.

The defendant testified that he paid no other $100, than the one in December, 1866. That would be a variance from the admission, but it would be an immaterial one, for a good accord and satisfaction on the 29th December, 1866, being well pleaded and sworn to, it would be of no consequence whether or not defendant had afterwards chosen to make plaintiff a present of anything more; there is no material variance between the answer and defendant's proof, and the plaintiff's point that he was misled thereby does not require consideration.

A further alleged reason why the plaintiff should have judgment notwithstanding the answer, is, that an accord and satisfaction is not therein well pleaded; that is, this being the only defense set up, that it does not state facts sufficient to constitute a defense; that it is not sufficient to aver that the $100 was paid before the debt fell due, but it must be alleged that such payment before due, was the consideration for the arrangement made between the parties. Otherwise, it is said, as it appears from the complaint, that the defendant might pay at any time before spring that he might choose, it will be presumed that he paid in pursuance of that privilege.

Granting, that "*until spring*, 1867," means "*on or before spring*," still it is not a consideration for defendant's paying that is required, but for plaintiff's acceptance of the payment in full of the debt. We have seen that it is not necessary to prove that he recognized the fact of payment before due, in making his bargain as the consideration for making it, and if so, it is not necessary to allege it. The answer in this respect conforms to precedent and is correctly drawn.

The second and only other ground of the motion for a new trial, is, that the report is not justified by the evidence. This was not urged in argument, and we think is untenable.

Order appealed from affirmed.