WILHELMINA SCHMIDT *vs.* FREDERICK LUDWIG.

June 16, 1879.

**Accord and Satisfaction.**—L. executed to S. notes to the amount of $5,000, and also a mortgage on real estate to secure them. S. assigned the notes and mortgage to plaintiff. After some of the notes became due, L. agreed to convey the real estate to N. for $3,560, and it was thereupon agreed between L. and N. and plaintiff that, of the $3,560, N. should pay $1,810 to L., should pay $500, in cash, to plaintiff, assume a debt of $500, due from plaintiff to one E., and secure his payment of it by a mortgage on the real estate, and execute to plaintiff a mortgage on the real estate, to secure his payment to her of $750; and that plaintiff should accept these acts of N. in satisfaction of the notes and mortgage held by her against L. N. performed his agreement. *Held,* that this was a good accord and satisfaction for the notes.

Appeal by plaintiff from an order of the district court for McLeod county, *Macdonald, J.,* presiding, refusing a new trial.

*Edson & Little,* for appellant.

*N. T. Hauser* and *A. P. Fitch,* for respondent.

GILFILLAN, C. J. Action on three promissory notes. The answer, as amended, sets out—not, perhaps, in the best manner in which such a defence might be stated, but sufficiently to enable the court and opposite party to know what facts were relied on for defence—in substance these facts: The notes in suit, with others, all amounting to five thousand dollars, were executed by defendant to Christian Schmidt, as the

consideration for real estate conveyed by Schmidt to defendant, and defendant executed to Schmidt a mortgage on the real estate, to secure the notes. Schmidt assigned the notes and mortgage to plaintiff, who is his wife. Afterwards defendant agreed to convey the real estate to one Nowak, for three thousand five hundred and sixty dollars, and it was agreed between plaintiff, defendant and Nowak that, of this consideration, one thousand eight hundred and ten dollars should be paid by Nowak to defendant, and the remainder, or one thousand seven hundred and fifty dollars, should be paid by Nowak to plaintiff, as follows: five hundred and ten dollars in cash; five hundred dollars by Nowak assuming an indebtedness of five hundred dollars from plaintiff to one Emme; and that Nowak, to secure his payment of such indebtedness, should execute a mortgage on the premises; and to secure the remainder of the one thousand seven hundred and fifty dollars, should execute his mortgage on the real estate to plaintiff; and that plaintiff agreed to accept said one thousand seven hundred and fifty dollars, paid and secured by Nowak in that manner, in full satisfaction of the notes and mortgage of defendant held by plaintiff; and the answer alleges the performance of this agreement, and the entry by plaintiff, pursuant thereto, of satisfaction on the record of the notes and mortgage. Upon the issue thus presented, there was evidence sufficient to go to the jury, and, assuming that the answer presents a defence, the charge of the court submitted it to them very fairly and clearly.

The objection made to the matter pleaded as a defence is, that there is no sufficient consideration for the release of the debt; for that, when there is an undisputed liquidated debt past due, a payment of a less sum is no consideration for a release of the remainder. This latter proposition is true. The creditor, in such case, receives no more than in law he is entitled to, and the debtor pays no more than in law he ought to pay, and the discharge of a portion of such a legal duty has no element of a legal consideration for a new con-

tract. But the act of a third person, who has no legal duty in the premises, may furnish the consideration. Thus, an agreement to accept, and accepting, in satisfaction of a debt, the undertaking of a third person to pay a sum less than the debt, is upon a valid consideration. *Boyd* v. *Hitchcock,* 20 John. 76; *Kellogg* v. *Richards,* 14 Wend. 116; *Brooks* v. *White,* 2 Met. 283. This comes within that class of cases. The payment by Nowak of the five hundred and ten dollars to plaintiff, the security given by him to plaintiff for the seven hundred and fifty dollars, and his assuming the payment of, and relieving plaintiff from the debt to Emme, were a sufficient consideration for plaintiff's agreeing to accept and accepting those acts in satisfaction of the debt.

Order affirmed.