JOHN SCHWEIDER *vs.* GEORGE LANG.

July 3, 1882.

**Accord Executory.**—An agreement between the maker and holder of a note not due that the former will pay and the latter receive a sum less than the unpaid amount called for by the note in full satisfaction of the same, is valid.

**Same—Damages for Breach.**—If the maker duly offer to perform on his part, and the payee refuses to perform on his part, an action lies by the former for the damages resulting to him from the breach of contract by the latter.

Appeal by defendant from an order of the district court for Blue Earth county, *Severance,* J., presiding, overruling his demurrer to the complaint. The case is stated in the opinion.

*S. F. Barney,* for appellant, cited *Cumber* v. *Wane,* 1 Strange, 426; 1 Sm. Lead. Cas. 439; *Otto v. Klauber,* 23 Wis. 471; *Tuckerman* v. *Newhall,* 17 Mass. 580; *Washburn* v. *Winslow,* 16 Minn. 33; *Warren* v. *Skinner,* 20 Conn. 559; *Harper* v. *Graham,* 20 Ohio, 106; *Hawley* v. *Foote,* 19 Wend. 516; *Russell* v. *Lytle,* 6 Wend. 390; *Daniels* v. *Hallenbeck,* 19 Wend. 408; *Anderson* v. *Highland Turnpike Co.,* 16

John. 86; *Tilton* v. *Alcott*, 16 Barb. 598; *Palmer* v. *Yager*, 20 Wis. 91.

*Thomas & Washburn* and *Daniel Buck*, for respondent.

BERRY, J. On September 27, 1881, defendant, as payee, holding plaintiff's promissory note, upon which there was an unpaid balance of $1,850, falling due November 10, 1882, with interest to accrue, they agreed as follows: Defendant agreed to accept $1,750 in full satisfaction of the balance of principal and interest called for by the note; $150 to be paid by plaintiff within one week, and $1,600 within two weeks from said September 27th; the note to be thereupon delivered up, and a mortgage securing the same to be cancelled. Plaintiff agreed to raise the $1,750 and pay the same to defendant as above specified. It was subsequently mutually agreed that defendant should call upon plaintiff at his residence, within a week from September 27th, to receive the $150 payment, plaintiff to have the same there in readiness. Plaintiff had and kept the $150 in readiness during the week; but defendant failed to call for it at any time, and plaintiff was unable to find him during the week mentioned. Within two weeks from September 27, plaintiff, after much expense and trouble, procured the sum of $1,600, and on October 10, 1881, duly tendered the sum of $1,750 to the defendant in fulfilment of his (plaintiff's) agreement, and requested defendant to fulfil on his part. Defendant refused to receive the money or to perform his part of the agreement, having on October 1st, without plaintiff's knowledge, sold and transferred the note and mortgage to a third party, to whom plaintiff became thereby bound to pay the full unpaid amount called for by the note. Plaintiff brings this action for damages for defendant's breach of contract.

The agreement between the parties was not for the sale of the note and mortgage, but one by which the maker of these instruments was to be discharged from liability thereon by the payee. The agreement is, therefore, not within the statute of frauds, so as to be required to be in writing. The agreement is what is known as an accord executory; that is to say, it is an agreement upon the sum to be paid and received at a future day in satisfaction of the note. If the accord had been executed, there would have been a satisfaction extinguishing the note,

the case being taken out of the rule by which payment of a part is held insufficient to satisfy the whole of a liquidated indebtedness by the fact that the payment was to be made before the indebtedness fell due. *Sonnenberg* v. *Riedel*, 16 Minn. 83; *Brooks* v. *White*, 2 Met. 283.

The case is, then, one of a promise on the part of the plaintiff to do something of advantage in law to the defendant, and on the part of the defendant to do something of advantage in law to the plaintiff— a case of mutual promises, one of which is the consideration of the other. The agreement was valid and binding upon both parties. The plaintiff has duly offered to perform on his part. The defendant has refused to accept the proffered performance, as also to perform on his part at plaintiff's request, and has moreover disabled himself from performing by disposing of the note. The plaintiff is, therefore,. in accordance with the general rule which gives damages for breach of contract, entitled to recover the damages which have resulted to. him from this breach by defendant. *Billings* v. *Vanderbeck*, 23 Barb. 546; *Scott* v. *Frink*, 53 Barb. 533; *Very* v. *Levy*, 13 How. 345.

Order affirmed.