### GRANT *v.* PORTER.

P., having compromised with his creditors for forty-five cents on a dollar, made over all his property to H. on the consideration that H. should pay off his creditors at that rate.   H. paid the plaintiff forty-five per cent. of his debt, and took an assignment of it to himself. The other creditors were settled with and satisfied in the same way by H. Afterwards P. gave the plaintiff his note for the remaining fifty-five per cent. of his original debt.   *Held*, that there was no consideration for the note.

ASSUMPSIT, on a promissory note.

*W. & H. Heywood*, for the plaintiff.

*E. C. Stevens* and *O. Ray*, for the defendant.

ALLEN, J.   The plaintiff and the other creditors of Porter Brothers (of which firm the defendant is sued as surviving partner) each accepted an offer of forty-five *per centum* of his claim in full settlement, and Hodgdon, who received all the debtors' property for the purpose of paying the amount agreed upon as a compromise and obtaining from the creditors a discharge of the indebtedness, gave each creditor a note for forty-five *per centum* of his claim, and at the same time took an assignment from each, under seal, of his demand and of the right to prosecute it to final judgment. These notes, including the plaintiff's, were subsequently paid by Hodgdon, and Porter Brothers gave the plaintiff the note in suit for the balance of his demand.

Ordinarily, payment and acceptance of a smaller sum for a larger

one due is no discharge of the larger. *Blanchard* v. *Noyes*, 3 N. H. 519; *Mathewson* v. *Bank*, 45 N. H. 104, 107. But payment by a third person at the request of the debtor, either in money or by a note, accepted by the creditor in full satisfaction and discharge of the debt, is an exception to the rule, and extinguishes the debt. *Brooks* v. *White*, 2 Met. 283. The assignee of the defendant's firm received their property for the express purpose and on the express consideration of obtaining a discharge of their indebtedness by the payment of forty-five *per centum* of the same; and when the plaintiff accepted from the assignee that sum in full satisfaction, his demand against the defendant was extinguished. His debt being satisfied and extinguished, there was no consideration for the note in suit. It is not the case of a debt discharged by the order of a court in bankruptcy proceedings. In a case of that kind a new promise to pay the debt, made after discharge, revives the debt which is not extinguished by the discharge, and the consideration for the original demand is a good consideration for a new promise. *Bank* v. *Wood*, 59 N. H. 407; *Wiggin* v. *Hodgdon*, ante 39.

The assignment of the plaintiff's demand to the assignee was in writing, under seal; and if, as the plaintiff claims, this was only formal and intended as a receipt to the defendant and a voucher for the assignee, it was certainly a valid as well as formal transfer of the claim, with all rights of action upon it, to the assignee. The plaintiff, having parted with all interest in the claim and all right of action upon it, nothing remained to him which could be treated as a consideration for the note in suit, and there can be no recovery upon it.

*Judgment for the defendant.*

CARPENTER, J., did not sit: the others concurred.