CHARLES B. VARNEY and another *vs.* ALBERT R. CONERY.

Cumberland. Opinion November 24, 1885.

*Accord and satisfaction. Compromise settlement. Payment.*

If a debtor gives and the creditor receives, in full satisfaction of the debt, a note indorsed by a third person for a less sum than the amount of the debt, it is a good accord and satisfaction to bar a subsequent suit by the creditor to recover the balance of the debt.

ON motion to set aside the verdict.

Assumpsit on account annexed for sixty-five dollars and fifty cents.

The defence was that the claim had been settled; and the defendant, (who was a trader at Bluehill,) and his father testified, in substance, that the plaintiff's agent, Hiram A. Hobbs, called upon him to pay for a bill of merchandise bought of the plaintiffs amounting to about two hundred and sixty-five dollars, and on being informed by the defendant that he could not pay his debts

in full, after some talk, Mr. Hobbs agreed to discharge the claim if the defendant would give him two notes of one hundred dollars each, endorsed by the defendant's father, which was done. This was denied by the plaintiffs and their agent, who claimed that the notes were received on account.

Mr. Hobbs was a witness for the plaintiffs and testified:

" Ques. Did C. B. Varney or any member of the firm ever authorize you to receive these notes in full payment of this account?

Ans. They did not.

Ques. Did they ever authorize you to make any composition of that account whatever?

Ans. They did not.

By the court: Did they put it into your hands to collect?

Ans. I am selling and collecting all the time.

Ques. Did you mean taking moneys on account that may be paid you by these customers?

Ans. Yes.

Ques. And notes?

Ans. Yes.

By the court: Did you have authority to give time to customers?

Ans. Yes.

Ques. What about cases where a composition was to be made?

Ans. Anything very important, something I didn't feel like taking the responsibility of, I referred it to the house and when I came in we talked it over and I abided by their instructions in these matters.

By the court: Rather than let a debtor fail on your hands you would settle for less, would you not?

Ans. I should work for the interests of my firm and if I thought it was for their interest to do so, I should do it. "

### Cross examination.

" I have been in the employ of the plaintiffs nearly three years. And during that time I have been on the road more or less, and have dealt with a great many customers in the eastern part of the state. I have taken orders and collected money.

Ques. Where you can not get money you take a note?

Ans. If I see fit, I do.

Ques. Do your employers authorize you to use your own discretion in these matters?

Ans. Yes, to a certain extent. Of course, if there is any particular point that I don't wish to take the responsibility of, I refer it to the concern.

Ques. Certainly, but they authorize you to use your own discretion in these matters?

Ans. I don't think anything was ever said in regard to that, they place me on the road as a travelling salesman to sell for them; if I have a point, I refer it to them and ask them what and how I shall do it.

Ques. Do they leave the matters to your own discretion?

Ans. I don't understand.

Ques. You know what discretion means?

Ans. I am employed by them to work for their interests and they may know many things about customers that I do not, and many times on large and important bills, I should prefer to consult them before taking any notes or making any decisive point. If I choose to settle with a customer, I settle with him."

The verdict was for the defendant.

*E. S. Ridlon,* for the plaintiffs.

An agent employed to sell goods and receive payment, is not, unless some special authority is given him, clothed with authority to compound the debt or release it on composition. Story on Agency, (9th ed.) 111, 112; *Pratt* v. *The United States*, 3 Nott & Hunt, 106.

There was no evidence in this case that Hobbs had authority to compromise this claim. The defendant, having set up a compromise settlement with the agent, the burden is on him to show the authority of the agent. Both of the plaintiffs testify that they gave Hobbs no authority to compromise this claim. Mr. Hobbs, on cross examination, testified, "if I chose to settle with a customer, I settle with him," but he does not say he had

any authority to do that, and he expressly testified that he had no authority to compromise with the defendant.

*H. A. Tripp*, for the defendant.

VIRGIN, J. If a debtor gives, and the creditor receives, in full satisfaction of the debt, a note indorsed by a third person for a less sum than the amount of the debt, it is a good accord and satisfaction to bar a subsequent suit by the creditor to recover the balance of the debt. *Boyd* v. *Hitchcock*, 20 Johns. 76 ; *Dolvear* v. *Arnold*, 10 How. Pr. 529 ; *Brooks* v. *White*, 2 Met. 283 ; S. C. 37 Am. Dec. & note, 98. And a subsequent promise to pay the balance is not binding. *Phelps* v. *Dennett*, 57 Maine, 491. So that even if the case does not come within the provisions of R. S., c. 82, § 45, the verdict is not for that reason against law.

Under proper instructions, the jury found that the plaintiff's runner, through whom all the dealings between the parties had been negotiated, had the authority of the plaintiffs to compromise the claim ; and we think the runner's own testimony is a sufficient warrant for such finding.

That the notes were given and accepted in full satisfaction of the whole debt, the testimony of the defendant, and of his father, who indorsed them, is express, although denied by the plaintiffs' agent.

*Motion overruled.*

PETERS, C. J., WALTON, LIBBEY, FOSTER and HASKELL, JJ., concurred.