## THOMAS L. CLARK vs. SETH ABBOTT.

Argued April 7, 1893.   Decided April 25, 1893.

**Payment in Part, in Satisfaction of the Entire Debt.**
> Where one not the debtor, nor under any legal or moral obligation to
> pay a debt, agrees to pay, and does pay, a sum less than the whole debt,
> in consideration of an agreement on the part of the creditor to satisfy
> and discharge the whole, no action will lie against the debtor to recover
> the balance of his indebtedness.

Appeal by plaintiff, Thomas L. Clark, from an order of the District
Court of Hennepin County, *William Lochren*, J., made December 30,
1892, granting defendant's motion for a new trial.

The defendant, Seth Abbott, on September 20, 1883, sold and
conveyed to plaintiff with warranty lots seventeen (17) and eighteen
(18) in block four (4) in his Addition to Minneapolis, for $500, and
also covenanted that they were free from incumbrance. There was
in fact a mortgage on them to Dennis L. Peck for a large amount.
It was afterwards foreclosed, and the lots sold in November, 1884,
and never redeemed. (See *Abbott* v. *Peck*, 35 Minn. 499.) When plain-
tiff discovered the incumbrance, Abbott assigned to him as collateral
security to his covenants, a mortgage for $450, made by Clara L.
Short, but plaintiff realized nothing from it. On November 14,
1887, Eugene I. Wetherell, defendant's son-in-law, offered plaintiff
$50 for the Short mortgage, and in full satisfaction of all his claims
against defendant. This offer was accepted, Wetherell paid the
$50, and plaintiff assigned to him the Short mortgage, and gave a
receipt as follows:

"MINNEAPOLIS, Nov. 14, 1887.

"Received of Seth Abbott fifty (50) dollars in full to date.

"THOMAS L. CLARK."

This action was brought January 6, 1892, to recover the purchase
money that plaintiff paid for the lots, with interest, less $50 received
from Wetherell. On the trial, and after all the evidence had been
submitted, defendant requested the Judge to instruct the jury that
the receipt was presumptively conclusive upon the parties, and he

who would attack it, can do it only by showing fraud or mistake. As no fraud or mistake is alleged or proved, defendant is entitled to a verdict. The Judge refused, and he excepted. The jury returned a verdict for plaintiff for $654.75.

The defendant afterwards moved the court for a new trial on the ground of errors of law occurring at the trial and excepted to by him, and on the ground that the verdict and decision were not justified by the evidence. The court granted the motion for the reason that the refusal to instruct the jury as requested by defendant was erroneous, saying:

"The receipt in evidence was given upon a payment by a third person for the defendant. The writing expresses it to be a payment by the defendant, and in full to date. The receipt was read and signed by the plaintiff, and no fraud or mistake is pretended. I think it must be held to be a contract of release and satisfaction of plaintiff's claims now sued upon, and which existed when this payment was made, and receipt given respecting them."

*Roberts & Baxter*, for appellant.

Plaintiff contends that the writing in evidence is a mere receipt, that it is not a contract and has in it no element of a contract, that it is merely a statement of fact, and as such can be contradicted by parol. *Morris* v. *St. Paul & C. Ry. Co.*, 21 Minn. 91; *Elsbarg* v. *Myrman*, 41 Minn. 541; *Ryan* v. *Ward*, 48 N. Y. 204; *Pauley* v. *Weisart*, 59 Ind. 241; *Buckingham* v. *Oliver*, 3 E. D. Smith, 129; *Butdorf* v. *Albert*, 59 Pa. St. 59; *Packer* v. *Packer*, 24 Iowa, 21.

The only cases in which a receipt has been held to be conclusive upon the party giving it, are cases in which the account was in dispute between the parties and a compromise was agreed upon; or cases in which a receipt was given for unliquidated damages. *Cummings* v. *Baars*, 36 Minn. 350; *Bunge* v. *Koop*, 48 N. Y. 225.

*A. D. Smith*, for respondent.

The receipt was in the nature of a contract, was executed by plaintiff in full possession of his faculties, he well knowing the signification of its language, and without any circumstances of haste, fraud, accident or surprise. He must be bound by it. *Truax* v. *Miller*, 48 Minn. 62; 19 Am. & Eng. Enc. Law, 1122.

COLLINS, J. It is well settled that where the amount of a debt is undisputed the receipt of a less sum from the debtor than the whole, upon an agreement to discharge the entire indebtedness, is not a satisfaction, and that such an agreement is nonenforceable. There is no consideration, it is said, for the relinquishment of a part of the debt, and hence an agreement so to do is *nudum pactum.* But the principles which can be applied in such cases have no application in the case now before us. The respondent, Abbott, owed the debt in question. Wetherell was under no moral or legal obligation to pay any portion of it, but he offered to pay to the creditor, this appellant, the sum of $50 in full of all claims against Abbott. The offer was accepted, the money paid, and a receipt given "in full to date." Here was the act of a third person, who owed no duty in the premises, and the consideration essential to sustain the agreement was thus furnished. The technical reason for the application of the first rule mentioned, namely, an absence of consideration, no longer exists. When one not the debtor, nor under any legal or moral obligation to pay a debt, agrees to pay, and does pay, a sum less than the whole debt, in consideration of an agreement on the part of the creditor to satisfy and discharge the whole, no action will lie against the debtor to recover the balance of his indebtedness. See *Sonnenberg* v. *Riedel,* 16 Minn. 83, (Gil. 72;) *Mason* v. *Campbell,* 27 Minn. 54, (6 N. W. Rep. 405;) *Schmidt* v. *Ludwig,* 26 Minn. 87, (1 N. W. Rep. 803;) *Laboyteaux* v. *Swigart,* 103 Ind. 596, (3 N. E. Rep. 373;) *Varney* v. *Conery,* 77 Me. 527, (1 Atl. Rep. 683;) *New-York State Bank* v. *Fletcher,* 5 Wend. 85; *Brooks* v. *White,* 2 Met. 283; *Welby* v. *Drake,* 1 Car. & P. 557; *Henderson* v. *Stobart,* 5 Exch. 99.

Order affirmed.

VANDERBURGH, J., absent, did not participate.

(Opinion published 55 N. W. Rep. 542.)