## CONSTANTIN GILIA v. H. R. ROBBINS.[1]

### July 14, 1916.

### Nos. 19,799—(186).

**Accord and satisfaction — want of consideration — finding sustained by evidence.**

1. The evidence in this case sustains a finding of the trial court that a certain compromise agreement was without consideration, in that plaintiff thereby agreed to accept in satisfaction of a claim against defendant, a sum less than the amount of such claim, there being no *bona fide* dispute between the parties as to defendant's liability for the full amount thereof.

**Same — rule inapplicable.**

2. The rule that an agreement to pay and accept a smaller sum in full of a debt not yet due, is not void, as being without consideration, does not apply when the creditor is to receive nothing in return for his discharge of the debt.

Action in the municipal court of Minneapolis to recover $375. The substance of the pleadings will be found in the opinion. The case was tried before Charles L. Smith, J., who made findings and ordered judgment in favor of plaintiff for the amount demanded. From an order denying his motion for amended findings or for a new trial, defendant appealed. Affirmed.

*J. E Tappan,* for appellant.

*George B. Leonard* and *M. Rose,* for respondent.

[1] Reported in 158 N. W. 807.

BUNN, J.

Plaintiff, on April 6, 1915, was the owner of 80 acres of land in Price county, Wisconsin, and also of a lot in Minneapolis. Defendant had a mechanic's lien upon the Minneapolis lot amounting to $275. On the day mentioned the parties entered into an agreement by the terms of which plaintiff was to convey to defendant the Wisconsin land for the sum of $675, payable as follows: $100 cash, three promissory notes executed by defendant, each for $100, payable respectively in 90 days, 6 months and 9 months, with 6 per cent interest. The balance of the purchase price, $275, to be paid by defendant's executing and delivering to plaintiff a satisfaction of the lien on the Minneapolis property. Plaintiff duly executed and delivered the deed and defendant had it recorded in Price county, Wisconsin. This action was to recover $375 and interest, the complaint alleging that defendant executed a satisfaction of the lien, but had paid only $25 on account of the purchase price of the Wisconsin land, and had refused to execute any of the notes, or to pay the $75 balance of the cash payment. Defendant by his answer admitted that he had never executed any of the notes, or paid the $75; admitted that there were negotiations for the purchase of the Wisconsin land; alleged that plaintiff made fraudulent representations in regard to its character; that it was agreed that defendant should inspect the land before purchasing. The answer admitted the execution and delivery of the deed, and that defendant had caused it to be recorded, but alleged that this was done to secure defendant for moneys loaned to plaintiff, it being alleged that the $25 was paid plaintiff as a loan from defendant. Defendant paid the taxes on the land. The answer alleged that, on defendant's return from inspecting the Wisconsin land, he notified plaintiff that he would not purchase it, and offered to redeed to plaintiff, upon payment by the latter of his indebtedness to defendant, but that plaintiff refused to pay.

The answer then set up a mutual release, satisfaction and discharge of all claims and disputes between plaintiff and defendant, in regard to the Wisconsin land or otherwise, executed by the parties on April 15, 1915. The reply alleged that this release was executed without any consideration. The issues were tried to the court without a jury. The decision was in favor of plaintiff, the court finding the facts as alleged in the complaint, and that the release agreement executed in writing April 15, 1915,

was without consideration and void, and ordering judgment as demanded in the complaint. Defendant moved for amended findings and for a new trial. These motions were denied, and defendant took this appeal from the order.

The pivotal question for our decision is whether the finding that the release, or "accord and satisfaction," was without consideration, is sustained by the evidence. It was undisputed that the parties met on April 15, in the office of an attorney, who prepared the release, which was then executed by the parties. This writing recites that the parties have had certain dealings with each other, that certain money is due defendant, and that plaintiff has deeded to defendant the Wisconsin land. It then provides that in consideration of moneys advanced and paid by defendant to plaintiff, and the giving of a satisfaction of the mechanic's lien, it is agreed that all claims and demands of each against the other of whatsoever nature are hereby settled, compromised and adjusted so that neither party shall owe the other any money, and shall have no claim of any nature or description against the other party. It is not claimed that any money was paid by defendant, other than the $25, which plaintiff claims was paid on account of the purchase price of the Wisconsin land, and defendant claims was a loan to plaintiff, evidenced by a note which had been lost.

The effect of this agreement was that defendant secured the Wisconsin land, and plaintiff a satisfaction of the lien on his Minneapolis lot, and $25 in cash. But however unfair this result, if there was a consideration for the agreement, it must stand, as there is no finding of fraud or duress. On the other hand, if there was no consideration the agreement was void, though it was deliberately entered into, without fraud or overreaching.

The court found that the deal for the Wisconsin land was a completed transaction. It is undisputed that defendant took and recorded plaintiff's warranty deed. He had the deed recorded after he had inspected the land and discovered the falsity of the alleged representations of plaintiff. We fail to see how he had then any legal ground for a rescission, though he might have a cause of action for damages. But no such claim as to the liability of plaintiff is mentioned in the settlement, which purports to recite the consideration. The payment of the taxes

might entitle defendant to recover the sum so paid, but we do not see how this obligation furnishes a consideration for the compromise. Adding this sum to the amount of the lien satisfied, and the $25 paid, and the total is less than one-half of the price defendant agreed to pay for the Wisconsin land. Was there a *bona fide* dispute between the parties as to the obligation of defendant to pay for the land conveyed to him? It is elementary that any consideration, however slight, will support an accord and satisfaction, and that if a compromise be honestly made in the *bona fide* belief that there was a dispute, a doubtful question to be settled, it will be binding, though in fact the result is that the creditor accepts less than is actually due. But there must be a *good faith* dispute. In the case at bar there was dispute enough, defendant claiming he had been defrauded, and threatening to foreclose his lien, plaintiff threatening to bring suit to recover the price agreed upon for the Wisconsin land. But we think the evidence sustains a finding that the dispute on the part of defendant was not in good faith; that he pretended to have a grievance in order to induce plaintiff to compromise, knowing that his liability to perform his contract was absolute. Without further discussing the evidence, we sustain the finding that plaintiff's version of the deal for the Wisconsin land is the true version, that the sale was absolute, leaving only the obligation of defendant to pay the purchase price.

Under these facts we have a case of a creditor agreeing to accept in satisfaction of an admitted indebtedness a sum less than half thereof. The case comes within the well-known rule that such a contract is without consideration, unless the fact that by the terms of the contract for sale of the Wisconsin land the three notes which defendant was to give were to be payable in the future, takes the case out of that rule. It is true that an agreement between the maker and holder of a note not due, that the former will pay and the latter receive a sum less than the unpaid amount called for by the note, in full satisfaction of the same, is valid. Sonnenberg v. Riedel, 16 Minn. 72 (83); Schweider v. Lang, 29 Minn. 254, 13 N. W. 33, 43 Am. Rep. 202; 1 C. J. p. 544. The reason for not applying the strict rule first stated to cases where the debt is not due, and payment before the day of a less amount is agreed upon as a satisfaction,

is that "peradventure parcel of the sum before the day would be more beneficial to him than the whole at the day." Sonnenberg v. Riedel, supra, quoting from Pinnel's Case, 3 Coke, 238.

But in the present case no sum was agreed to be paid in satisfaction of the not due debt. We take it to be an essential element of the doctrine referred to that the creditor obtain something from his debtor in the way of benefit, to in some degree recompense him for discharging the debt. Here the debt was wiped out absolutely by the accord, and, under the findings which we have sustained, plaintiff received nothing whatever of benefit in return. Not only that, but he gave up his claim to $75 due at the time; all that he received was what was already due him under the original contract, the satisfaction of the mechanic's lien. Our conclusion is that the alleged accord and satisfaction was without consideration, and *nudum pactum*.

Order affirmed.