## JOHN LUING v. M. O. PETERSON.[1]

### June 6, 1919.

### No. 21,174.

**Consideration — promise to pay another's debt.**

> A promise to pay the antecedent debt of another must be supported by some new consideration. A loan of money by defendant to plaintiff was not a sufficient consideration to support a promise by plaintiff to pay certain debts of her son which defendant held for collection.

Action in the district court for Yellow Medicine county to cancel certain notes and the mortgages executed by Ragnhild B. Sorrenson, incompetent. The case was tried before Qvale, J., who made findings and ordered judgment as stated at the end of the first paragraph of the opinion. Defendant's motion for amended findings was denied. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*J. N. Johnson,* for appellant.

*A. C. Severson* and *O. A. Lende,* for respondent.

PER CURIAM.

Defendant is a collector at Canby, Minnesota. He held for collection more than a score of claims against Barney Sorrenson, amounting in the aggregate to over $1,400. In April, 1916, Barney Sorrenson desired to go to Rochester, Minnesota, for medical treatment. For the purpose of paying his expenses his mother Ragnhild Sorrenson applied to defendant for a loan of $200, offering to give a mortgage on certain real estate. Defendant agreed to make the loan if Ragnhild Sorrenson would "secure up the debts of Barney" which he held for collection, by a mortgage on the same property, and she assented. Defendant made the loan and Ragnhild Sorrenson gave two notes and mortgages, one for $1,015, securing the loan and part of the claims; the other for $635.60, securing the balance of the claims. Both mortgages bore the same date and were executed at the same time and as part of the same transaction. Both

[1]Reported in 172 N. W. 692.

notes were payable one year after date. There is no evidence that defendant had any authority to extend the time of the payment of the claims held by him. Ragnhild Sorrenson was then an old lady 88 years old. She was not then under guardianship. Plaintiff has since been appointed guardian of her estate. He brought this action to set aside the notes and mortgages. The court granted this relief, except as to the money advanced by defendant.

There is no claim made on this appeal that plaintiff was incompetent at the time of the giving of the mortgages or that she was imposed upon. Apparently the security she had would have secured the loan she wanted from any money lender. She is said to have stated at the time of the loan that she intended that her son should have this property. The sole ground of the court's decision was that the notes and mortgages were without consideration, except to the extent of the amount advanced by defendant. This is the question on this appeal.

A naked collateral promise of Ragnhild Sorrenson to pay her son's debts would be unenforceable. Security Bank of Minnesota v. Bell, 32 Minn. 409, 21 N. W. 470; Turtle v. Sargent, 63 Minn. 211, 65 N. W. 349. To support a promise to pay the debt of another previously incurred, there must be some new consideration. An agreement to extend the time of payment or to forbear to sue would furnish such a consideration, Nichols & Shepard Co. v. Dedrick, 61 Minn. 513, 63 N. W. 1110, but it is not shown that the agreement for extension was binding on the owners of these claims. See Mason v. Edward Thompson Co. 94 Minn. 472, 103 N. W. 507.

A majority of the court are of the opinion that the making of the new loan to Ragnhild Sorrenson was not a sufficient consideration for her promise to pay the debts of her son which defendant held for collection, and that the notes and mortgages which she gave therefor are void and unenforceable obligations.

Justices Hallam and Dibell dissent. They are of the opinion that the loan of money to Ragnhild Sorrenson was a sufficient consideration to support, not only a promise to repay the money loaned, but to support the promise to pay the other debts as well. See Bennett v. Morse, 6 Colo.

App. 122; Barton v. Farmers' & Merchants' Nat. Bank, 123 Ill. 352; Loewen v. Forsee, 137 Mo. 29.

Judgment affirmed.