## C. M. GAGE v. G. W. VAN DUSEN & COMPANY.[1]

July 13, 1923.

No. 23,614.

**Finding of payment not required.**

1. The evidence does not call for a finding that a past due promissory note, held by plaintiff, had been paid or discharged by an agreement of the maker's son to pay a part thereof.

**Son not bound to pay father's note.**

2. The signing of such note by the son, after it was past due, without any new consideration, did not create a valid obligation on his part.

**Finding of accord and satisfaction not required.**

3. The evidence does not require the court to find an accord and satisfaction of the promissory note, or a novation of the debt or the substitution of a new agreement in place thereof.

**When ruling will not be reviewed on appeal.**

4. Where exception is not taken when a ruling is made, the ruling is not subject to review, unless assailed in the motion for a new trial. The record fails to indicate reversible error.

Action in the district court for Yellow Medicine county to recover $800 for conversion of a quantity of flax. The case was tried before Daly, J., who when plaintiff rested denied defendant's motion for judgment in its favor and for dismissal of the case, made findings and ordered judgment in favor of plaintiff. Defendant's motion to amend the findings or for a new trial, was denied. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*A. C. Remele*, for appellant.

*O. A. Lende*, for respondent.

[1]Reported in 194 N. W. 769.

HOLT, J.

Action for the conversion of 187 bushels of flax in which plaintiff had judgment. Defendant appeals. The record shows that, previous to judgment, defendant's motion for amended findings or a new trial was denied.

The undisputed facts are these: Plaintiff owned a 320-acre farm in Yellow Medicine county which he let to one Christ Christianson for the year 1919, the rent to be $1,600. The lease was in writing and contained a clause mortgaging the crops raised to pay the rent. Two promissory notes, each for $800, were executed by the tenant to evidence the rent and the terms of payment. The one fell due in November, 1919, and was paid. The other fell due January 1, 1920, and is unpaid. In the summer and fall of 1920 plaintiff pressed for payment, and he proposed to the tenant's son to accept $400 for the note. The son promised to pay that amount in a short time. It was not kept. However, payment of that sum was again promised by the son. Plaintiff then requested him to sign the note. This he agreed to do, if plaintiff would indorse thereon a payment of $400. This was done, but the promised payment was never made. The tenant sold the crops raised on the farm in 1919, including this flax, to defendant. The complaint alleged the ownership of the flax in plaintiff, its conversion by defendant and the damages. The answer was a general denial. The court found the allegations of the complaint true.

The only defense advanced on the trial and urged here is that the transaction with the tenant's son constituted a payment or settlement for the rent and a discharge of the mortgage clause in the lease. We think a finding to that effect is not compelled by the evidence. The note was long past-due when this so-called agreement to accept $400 was made with the maker's son. So far as oral, it was on condition that the money should be paid directly. It never was paid. So far as evidenced by the son's signature on the note and the indorsement of $400, it is clear that a legal consideration is wanting. Security Bank v. Bell, 32 Minn. 409, 21 N. W. 470; Dowagiac Mnfg. Co. v. Van Valkenburg, 111 Minn. 1, 126 N. W. 119; Luing v. Peterson, 143 Minn. 6, 172 N. W. 692. There was no exten-

sion of time to the main debtor.  If there be any theory upon which the son could be held it would be a guarantor or surety on the father's note, having affixed his signature after delivery, provided a consideration can be spelled out.  Even so, the legal effect thereof would not discharge the chattel mortgage clause in the lease or pay the rent.  But there was no consideration for the son becoming a party to the note and he is not bound.  Courtney v. Doyle, 10 Allen (Mass.) 122; Crossan v. May, 68 Ind. 242; McMahan v. Geiger, 73 Mo. 145, 39 Am. Rep. 489; First Nat. Bank v. Cecil, 23 Ore. 58, 31 Pac. 61, 32 Pac. 393.  He not being bound, neither is plaintiff.

Upon the evidence this court cannot say that the trial court should have found an executed accord and satisfaction, or a valid binding agreement whereby this son's promise to pay $400 was accepted for the surrender of the claim of $800 against the father.  The father's note was not surrendered, nor was his name erased therefrom.  He was not present when his son signed it, and never appears to have taken part in the negotiations.  At most, it was a tentative settlement offered by the son and conditionally accepted, but which has never been effected either by payment, by novation or by any valid agreement therefor.  It must be conceded as settled law that an existing obligation may be discharged by the substitution of a new agreement, and when that is done the sole remedy is upon the new agreement.  Appellant cites and relies on cases which so hold, among them our own.  Schmidt v. Ludwig, 26 Minn. 85, 1 N. W. 803; Ward v. Allen, 138 Minn. 1, 163 N. W. 749.  The principle is of no avail, for the court found against the existence of such an agreement as already stated, and the evidence does not require a contrary finding.

Rulings during the trial are assigned as errors.  The printed record does not permit a review, for, although there was a motion for a new trial, such motion as printed omits to specify error in the rulings, and no exception was taken at the trial.  The files are not here.  If we apprehended error, the clerk in the court below could be directed to transmit the files, but we deem it unnecessary.  There was no offer of proof in respect to the matter sought to be elicited by the questions to which objections were sustained.  To one ruling

on, perhaps, the most important matter from the viewpoint of defendant, there was an apparent acquiescence, for when an objection was sustained to this question: "Was there anything said about the lease, about this claim that he had against your father at the time you signed this note?" defendant's counsel, after the court stated its reasons for the ruling, said: "If that is the understanding of the court, I won't ask any further questions." According to the authorities above cited both the trial court and defendant's counsel were wrong in assuming that there was a consideration for the son's signature on the note.

We find no reversible error.

Judgment affirmed.