HENRY J. GUDE *et al. vs.* EXCHANGE FIRE INS. CO. OF NEW YORK.

Argued April 26, 1893.    Decided May 9, 1893.

**Agency—Evidence Insufficient to Establish.**

> Evidence *held* insufficient to show that the person through whom plaintiffs obtained the policy in suit was the agent of the defendant, or anything more than a mere insurance broker.

Appeal by plaintiffs, Henry J. Gude and Joseph C. Gude, from an order of the District Court of St. Louis County, *O. P. Stearns,* J., made September 23, 1892, denying their motion for a new trial.

The defendant, the Exchange Fire Insurance Company of New York, on January 12, 1891, in consideration of $75, insured the plaintiffs for one year against loss by fire not exceeding $2,500, on their elevator and feed mill situated on a leased site on the St. Paul & Duluth Railroad right of way in Duluth. The policy contained a condition that it should be void if the subject of the insurance be personal property and be incumbered by chattel mortgage. There was in fact a chattel mortgage to the Duluth and Western Elevator Company for $4,000 on the building, given by

plaintiffs October 6, 1890.   The property was casually destroyed by fire October 2, 1891.   Notice was given and proofs of loss furnished, but defendant refused to pay on account of this undisclosed mortgage.   The plaintiffs replied that they obtained the insurance from O. A. Case, defendant's agent, and at that time disclosed to him the incumbrance, and that it was given for a part of the purchase price they had agreed to pay for the building. They alleged that the omission from the policy of all mention of the mortgage was due to the neglect, inadvertence, mistake or fraud of defendant or its agent, and not to any concealment, neglect or default of the plaintiffs.

The issues were tried June 15, 1892; and the principal question of fact litigated was whether O. A. Case was the agent of defendant so that his knowledge of the mortgage was notice thereof to it.   The evidence on this point is stated in the opinion.   On motion of the defendant, the Judge instructed the jury to return a verdict for defendant on the ground that there was no evidence in the case that it had any knowledge or notice of the mortgage. Plaintiffs excepted.   The verdict was entered.   A case was settled, signed and filed.   On it a motion for a new trial was made, but was denied.   From that denial this appeal is taken.

*James Spencer*, for appellants.

In November, 1890, the plaintiffs owned the Star Elevator, situated on leased ground, and subject to a mortgage for $4,000.   It was used for storing and handling grain, and had in it the usual machinery for operating a grain elevator.   While the building was undergoing repairs, one O. A. Case called upon the plaintiffs and solicited insurance on this building and machinery.   He mentioned the names of some of the companies he represented, and among others the Exchange Fire Insurance Company of New York, the defendant.   The rate of the premiums was fixed, and it was arranged that the plaintiffs would insure the building and machinery with Case.   The amount of insurance was fixed at $8,200.   At this conversation Case was informed that the building was located upon leased land, and that there was a chattel mortgage against it for $4,000.   He gave them what is known as a carpenter's risk on the building for thirty days until the repairs should be com-

pleted, and at the same time took their application for their regular insurance on the building and machinery, the policies for which were to be delivered when the repairs should be completed. The repairs were completed about January 1, 1891, and soon afterwards Case returned and delivered to plaintiffs the policy in suit. The bill for the premiums came also from him, and the amount thereof for this policy, $75, was paid by plaintiffs to him. Case also furnished the balance of insurance on the building in several other companies, and delivered the policies therefor to plaintiffs, and was paid the premiums by them. The policies were not all delivered at the same time, but were all delivered by Case at different times after January 1, 1891. When this policy was delivered, one of the plaintiffs looked at it, to see if the amount was correct, and ascertaining that it was, put it away without reading it, and did not see it again until after the fire.

The contention of the plaintiffs is, that Case was the agent of the defendant, and that his knowledge of the existence of the mortgage, was the knowledge of, and notice to, the defendant of its existence; and that having issued and delivered this policy with such notice, it waived the conditions in the policy making it void because mention of the mortgage was not indorsed on the policy.

The plaintiffs, for the purpose of proving that Case was the agent of the defendant, and that the defendant had notice of the existence of the chattel mortgage at the time, and before the policy was issued, proved that Case solicited this insurance in behalf of the defendant; that he examined the property; that he fixed the rate of insurance; that he stated to the plaintiffs that he represented the defendant; that he took the application for the insurance at that time; that he talked with the plaintiffs about the insurance afterwards; that he went away, and in a short time afterwards delivered to plaintiffs the policy in question, concededly issued by this defendant, and was paid the premiums therefor. The application was oral. Case was the only person plaintiffs had any conversation with in reference to the insurance. He took the applications, wrote them out if they were written, (the plaintiff never made or signed any written application,) submitted them to defendant; the company accepted them as made out and presented by him. Under this state of facts there can be no doubt that he

had authority from the company, or from some one who represented the company, and was its agent, to do what he did in that regard. *Kausal* v. *Minnesota Farmers' Mut. Fire Ins. Co.*, 31 Minn. 17; *Lycoming Fire Ins. Co.* v. *Ward*, 90 Ill. 545; *Newman* v. *Springfield F. & M. Ins. Co.*, 17 Minn. 123, (Gil. 98;) *St. Paul Fire & M. Ins. Co.* v. *Shaver*, 76 Iowa, 282; *National Mechanics' Bank* v. *National Bank of Baltimore*, 36 Md. 5; *York County Bank* v. *Stein*, 24 Md. 447; *Henderson* v. *Mayhew*, 2 Gill, 393; *Central Pa. Telephone Co.* v. *Thompson*, 112 Pa. St. 118; *Bodine* v. *Exchange Fire Ins. Co.*, 51 N. Y. 117; *Van Schoick* v. *Niagara Fire Ins. Co.*, 68 N. Y. 434; *Chase* v. *People's Fire Ins. Co.*, 14 Hun, 456; *Davis* v. *Lamar Ins. Co.*, 18 Hun, 230.

And whether Case was only a canvassing or soliciting agent for the defendant, made no difference in this case. Notice to a soliciting agent is notice to his principal. *Heath* v. *Springfield Fire Ins. Co.*, 58 N. H. 414; *Liverpool & L. & G. Ins. Co.* v. *Van Os*, 63 Miss. 431; *Hamilton* v. *Aurora Fire Ins. Co.*, 15 Mo. App. 59.

And he was the agent of the company notwithstanding the stipulation to the contrary in the policy. *Lamberton* v. *Connecticut Fire Ins. Co.*, 39 Minn. 129; *Whited* v. *Germania Fire Ins. Co.*, 76 N. Y. 415; *Eilenberger* v. *Protective Mut. F. Ins. Co.*, 89 Pa. St. 464.

If the defendant, having knowledge of the existence of the chattel mortgage, issued and delivered this policy and received the premiums therefor, and allowed the plaintiffs to believe that they were insured, it waived the condition contained in the policy that would otherwise have rendered it void, and is estopped from setting up this defense. *Wilson* v. *Minnesota Farmers' Mut. Fire Ins. Ass'n*, 36 Minn. 112; *Richmond* v. *Niagara Fire Ins. Co.*, 79 N. Y. 230; *Haight* v. *Continental Ins. Co.*, 92 N. Y. 51; *Germania Fire Ins. Co.* v. *McKee*, 94 Ill. 494; *Bennett* v. *North British & M. Ins. Co.*, 81 N. Y. 273; *Smith* v. *Commonwealth Ins. Co.*, 49 Wis. 322; *Michigan State Ins. Co.* v. *Lewis*, 30 Mich. 41; *Oakes* v. *Manufacturers' Ins. Co.*, 135 Mass. 248.

*Billson & Congdon*, for respondent.

This is an action on an insurance policy for the recovery of $2,500. The sole defense is that at the time the policy was issued,

the property insured was covered by a chattel mortgage for $4,000, and the existence of such mortgage was not endorsed upon the policy in any way, and that the defendant had no knowledge of the mortgage, and that therefore the policy is, and always was, void by reason of the condition therein contained.

There is nothing in the evidence to show that Case had ever acted for the defendant in any other transaction, or that the defendant ever knew that Case was claiming to act for it in this transaction, or that the defendant ever delivered the policy in suit directly to Case, or received directly from him the premium thereon, or that the defendant ever knew of the existence of Case. The question in this case in no wise involves the *manner* of the waiver by the corporation, but solely the power of the person making the alleged waiver to bind the corporation in *any* manner.

The burden of proof was on the plaintiffs to establish Case's agency, and proof is logically defined as a sufficient reason for assenting to a proposition. This conclusion must not rest on mere conjecture. It is not enough that the evidence leaves the matter *in equilibrio* as to whether Case was or was not defendant's agent. The evidence on that question must not be left to guesswork. *Orth* v. *St. Paul, M. & M. Ry. Co.*, 47 Minn. 384. Case may have obtained the policy from the defendant through some third person, without being known to defendant in this or any other transaction. He may have obtained the policy as one in the employ of plaintiffs, or as an insurance broker. There is, of course, no pretense that Case's knowledge bound the defendant, if he assumed to act as *plaintiffs'* agent, nor can it be so claimed in the event that he acted as an insurance broker.

There is a distinction between an insurance agent and an insurance broker; the latter being one who procures insurance and negotiates between insurers and insured. An insurance broker is regarded as the agent for the insurer as to the premium, but for nothing else. He is agent for the insured in effecting the policy, and in everything that has to be done in consequence of it. The conclusion, therefore, to be drawn is, that the knowledge of the broker as to any matter connected with the effecting of the insurance is not to be imputed to the company. *East Texas Fire Ins.*

*Co.* v. *Brown*, 82 Tex. 631; *Security Ins. Co.* v. *Mette*, 27 Ill. App. 324; *Criswell* v. *Riley*, 5 Ind. App. 496; *Allen* v. *German-Am. Ins. Co.*, 123 N. Y. 6.

The doctrine that an insurance broker is the agent of the insurer, for the purpose only of collecting the premium and delivering the policy, and in all other respects is the agent of the insured, has become text book law.    2 Am. & Eng. Encyc. of Law, 595; Mechem, Agency, § 931; *Goldin* v. *Northern Assurance Co.*, 46 Minn. 471.

MITCHELL, J.    This was an action on a fire insurance policy. The defense was that, at the time the policy was issued, the property insured was covered by a mortgage,—a fact which, by the conditions of the policy, rendered it void.    The reply was that the defendant accepted the risk with knowledge of the mortgage, and thereby waived the condition of the policy.    It appeared that plaintiffs procured the insurance through one Case, who knew of the mortgage; hence the real issue was whether Case was defendant's agent in soliciting the insurance and procuring the applications for it, so that his knowledge of the mortgage would be that of the defendant; and the only question here is whether the trial court should have left that question to the jury, instead of directing, as he did, a verdict for defendant.

The evidence was as follows:    Case came to the plaintiffs in Duluth, and solicited insurance on their property, saying that he represented several companies, among which he named defendant. That plaintiffs verbally authorized him to secure and place insurance on the property to the amount of several thousand dollars, leaving it to his judgment in what companies to place it. . Subsequently Case delivered to plaintiffs, among other policies in other companies, the policy in suit, signed by N. R. Thompson. & Co., of Minneapolis, as agents for the defendant, and collected the premium, which was subsequently received by defendant.    That in placing this insurance the plaintiffs had no transaction with any one but Case.    That this is the only policy they ever had with the defendant.    That the name of Case does not appear on the policy, as agent or otherwise.    There is no evidence that Case ever acted, or assumed to act, for the defendant in any other transaction.    Neither is there anything to show, except so far as may be

v.53M.—15

inferred from the facts above stated, that defendant ever knew that Case was claiming to act for it in this transaction, or that defendant delivered the policy directly to Case, or received the premium directly from him, or in fact knew of his existence. Upon this state of the evidence the court was right in directing a verdict. The burden was on the plaintiffs to prove that Case was the agent of the defendant, with authority, express, implied, or apparent, to waive this condition of the policy. Of course, the mere statement of Case that he represented the defendant was no evidence of that fact. Giving to the evidence the construction most favorable to the plaintiffs, and assuming that he personally presented to the defendant an application for this insurance, and received the policy directly from, and paid the premium directly to, the defendant, it does not appear that he had any relations whatever with the defendant other than an insurance broker, who, in his own behalf, solicits insurance, submits applications to the company, and, if accepted, receives the policy for the insured, and on its delivery collects the premium, and pays it over to the company.

Such a broker might be deemed the agent of the company for the purposes of delivering the policy and collecting the premium, but nothing more. It is true that Case *might* have been the agent of the defendant, but the evidence, as far as it goes, is quite, or even more, consistent with the hypothesis that he was a mere broker; and it was incumbent on plaintiffs, on whom was the burden of proving the agency, to go further than this. We think circumstances were wholly wanting from which the jury would have been warranted in finding the fact of agency. The case of *Kausal* v. *Minnesota Farmers' Mut. Fire Ins. Ass'n*, 31 Minn. 17, (16 N. W. Rep. 430,) relied on by plaintiffs, is not in point. In that case an agency to procure applications for insurance was an admitted or established fact, and the question was as to the extent of the authority, implied or apparent, of such an agent.

Order affirmed.

VANDERBURGH, J., absent, took no part.

(Opinion published 54 N. W. Rep. 1117.)

Application for reargument denied May 23, 1893.