# E. W. HEFFERNAN v. F. C. WHITTLESEY and Another.[1]

June 26, 1914.

Nos. 18,467—(56).

**Evidence — hearsay — proof of agency.**

1. The declarations of an alleged agent are ordinarily incompetent as evidence to prove the fact of agency. Under this rule it was error to admit in evidence in this case the testimony of witnesses that the alleged agent stated that he was employed by defendant company. It was error to admit in evidence the testimony of plaintiff to the effect that defendant's superintendent, after the transaction, told him that the alleged agent was a company employee.

**Findings not sustained by evidence.**

2. The evidence properly received is insufficient to sustain the finding of the jury that the alleged agent was employed by defendant company, or to sustain a finding that such defendant acted maliciously in investigating charges against plaintiff or in discharging him from its service.

**Discharge of servant — evidence.**

3. The evidence is sufficient to sustain a finding that the individual defendant maliciously made false charges against plaintiff for the purpose of procuring his discharge from the service of defendant company.

**No error.**

4. There were no errors that were prejudicial as to such individual defendant.

Action in the district court for Waseca county to recover $25,000. The facts are stated in the opinion. The case was tried before Childress, J., who denied separate motions of the defendants for directed verdicts in their favor, and a jury which returned a verdict of $500 in favor of plaintiff and answered in the affirmative the question

[1] Reported in 148 N. W. 63.

Note.—The authorities on the general question of civil liability for inducing discharge of servant are collated in notes in 19 L.R.A.(N.S.) 561 and 48 L.R.A. (N.S.) 893. And as to civil liability for maliciously procuring discharge of employee or preventing employment, in absence of conspiracy or concerted action, see note in 27 L.R.A.(N.S.) 966. And on the question of bad motive as affecting liability for causing loss of employment, see note in 62 L.R.A. 714.

whether Gates Phillips was in the employment of defendant railway company at the time he made the investigation in the case. Separate motions by defendants for judgment notwithstanding the verdict or for a new trial were denied. From the order denying those motions, each defendant appealed. Reversed on appeal of defendant company. Affirmed on appeal of defendant Whittlesey.

*Peter McGovern* and *Brown, Abbott & Somsen,* for appellants.

*W. S. Scott* and *Moonan & Moonan,* for respondent.

BUNN, J.

Plaintiff is a telegraph operator and was in the employ of defendant railway company as a ticket seller in its station at Janesville, Minnesota. Defendant Whittlesey had been station agent and operator at Janesville for many years, and plaintiff worked under him. Whittlesey and plaintiff had trouble over the commissions on telegrams, plaintiff was sustained in the controversy, and Whittlesey retired as agent, being succeeded by one Walrath. Plaintiff continued as operator and ticket seller under Walrath until he was discharged by defendant from its service. The ground for the discharge of plaintiff was that he sold several tickets to the Twin Cities via Kasota at the rate via Mankato, which was 17 cents more, not crediting the company with the excess received. Plaintiff brought this action against both defendants, claiming that they maliciously conspired to cause and did cause plaintiff to be investigated on this charge, and to be wrongfully discharged from his position, and in effect to be "black listed." Defendant railway company, in its answer, admitted that it discharged plaintiff, alleged that it had reasonable grounds and cause to believe and did believe that the charges made against plaintiff were true, and denied generally the allegations of the complaint. Defendant Whittlesey answered separately, admitted that he caused the charges against plaintiff to be investigated, alleged the truth of such charges, and his belief and good faith in the matter, and denied generally the other allegations of the complaint. The reply was a general denial. The issues thus framed were tried to the court and a jury. The result was a verdict for $500 against both defendants. The defendants moved separately for judgment or

for a new trial, the motions were denied, and defendants appealed separately from the order.

From a thorough examination of the long record we are unable to find any competent evidence tending to show that defendant railway company was guilty of conspiracy or committed any actionable wrong against plaintiff. That it had the right to discharge plaintiff without cause was the view of the trial court, and we think the correct view. It was necessary, therefore, for plaintiff to prove some other act of defendant that was wrongful. The claim was that it conspired with Whittlesey to falsely charge plaintiff with dishonesty in his position. If this claim had any support in the evidence, it may be conceded that defendant company would be liable. One Gates Phillips, a detective, procured the evidence against plaintiff which caused the investigation that resulted in his discharge. The case against the company rested wholly on the claim that Phillips was in its employ. The jury was instructed that there could be no recovery against the company unless they found that Phillips was employed by it, and returned a special finding that he was. Plainly the verdict cannot stand unless there is sufficient competent evidence to support this finding, for, aside from the acts of Whittlesey and Phillips, there is no evidence whatever of bad motives or malice on the part of the company in the action it took in the investigation of the charges or in discharging plaintiff. Whittlesey undoubtedly had a grudge against plaintiff, and the evidence would warrant a finding of malice on his part, but he had no connection with the company. The question then is this: Was there competent and sufficient evidence to justify the finding that Phillips was in the company's employment or acting for the company in investigating plaintiff and presenting the charges that finally brought about his dismissal from the company's service? The question must be answered in the negative. The burden of proof on this question was upon plaintiff. Whittlesey testified that he employed Phillips on his own account and paid for his services. Defendant's division superintendent and assistant superintendent testified that Phillips was not employed by them, and that they had no suspicion of plaintiff, knew nothing about any charges or investigation, until after the evidence

gathered by Phillips was presented to them. Phillips was subpoenaed as a witness, but before he was called left the court room and without the knowledge or consent of defendants went to his home in Mankato, where he was again subpoenaed by defendants. He was then unable to appear on account of illness. Defendants were exonerated by the trial court from all blame in this connection, and plaintiff makes no claim that there is any presumption that Phillips' testimony would have been unfavorable to defendant. Of course the testimony of defendant's witnesses did not bind plaintiff, but it was necessary to have some competent evidence to the contrary.

The evidence on which the jury was permitted to find that Phillips was employed by the company consisted wholly of (1) testimony of witnesses that Phillips declared to them that he was a company detective, or in the employ of the company; (2) testimony of plaintiff that defendant's superintendent, while plaintiff was seeking reinstatement, told him that Phillips was working for the company; (3) the actions of Phillips.

It is elementary that the declarations of an agent are inadmissible to prove agency. There was no question here of apparent authority, or of plaintiff's belief that Phillips was employed by the company. The testimony was seasonably and properly objected to. That it was inadmissible and of no weight to prove the vital issue in the case, whether Phillips was employed by the company to investigate plaintiff, is very clear. The declarations made by Phillips were no part of the "*res gestæ*," did not tend to characterize, illustrate or explain the transaction, and were purely hearsay. Gude v. Exchange Fire Ins. Co. of New York, 53 Minn. 220, 54 N. W. 1117; First National Bank of Barnesville v. St. Anthony & D. Ele. Co. 103 Minn. 82, 114 N. W. 265; 1 Dunnell, Minn. Dig. § 149. Nor were the acts of Phillips of such a character as to justify an inference that the company had knowledge of them; in the absence, therefore, of evidence tending to show the company's knowledge of what he was doing and its assent thereto, such acts were not evidence of the fact of agency.

It is true that it is not necessary to prove the fact of agency by direct evidence. It is true that the declarations of the agent would

be admissible if the issue was the agent's belief that he was employed by the principal, and if the question was whether plaintiff believed he was so employed. But the issue here was not the belief or understanding of Phillips, or of plaintiff, but was the simple fact whether Phillips was actually the agent or employee of defendant.

The testimony of plaintiff that defendant company's division superintendent, when plaintiff was seeking re-instatement, stated to him that Phillips was a company detective, and that Phillips had "worked on him" for a long time, was not a declaration that was admissible against the company. It does not appear that this testimony was objected to, but it was clearly hearsay, under numerous decisions of this court. Treating the evidence as in the case, because not objected to, its hearsay character makes it of little probative value.

Plaintiff claims that there is other evidence to justify the jury in finding that Phillips was in the employ of the company. Reference is made to certain testimony of the assistant superintendent, but we find nothing that can be construed into a statement or admission that Phillips was employed by the company. A letter from Phillips to the general agent of the company at Mankato enclosing the affidavits he had procured is relied on. This does not indicate that Phillips was acting for the company, and is entirely consistent with the claim that he was acting for Whittlesey. It may be that Phillips was in fact a company detective and that he was working for the company when he collected and forwarded the evidence against plaintiff, and possibly plaintiff's counsel assumed on the trial that this was not a seriously controverted point. They claim broadly that the record contains ample evidence, aside from the declarations of Phillips, but we have been unable to find it. In any event the admission of these declarations was prejudicial error, as without them the evidence is too slight to enable us to say that it is sufficient to justify the verdict; much less is it sufficient to warrant holding that the error did not affect the result.

We will not discuss the question whether, in any event, the company can be held liable for doing a lawful act with a bad motive and with malice. If the evidence sustained the charge of a conspiracy

between the company and Whittlesey to make false charges against plaintiff's integrity in order to procure his discharge, resulting in his being "black listed," it is probable that there would be a liability. Joyce v. Great Northern Ry. Co. 100 Minn. 225, 110 N. W. 975, 8 L.R.A.(N.S.) 756. But that there is no liability in the absence of malice cannot be doubted. In the present case we find the evidence of a malicious conspiracy entered into between Whittlesey and the company, or joined in afterwards by the company, insufficient to make applicable as against the company the doctrine contended for by plaintiff.

As to defendant Whittlesey, the evidence is sufficient to justify a finding that the charges made against plaintiff were false, and that he acted out of motives of ill will, and with a desire to injure plaintiff. The verdict as against him was justified by the evidence and we think it should stand notwithstanding that as against the company it must be set aside.

We find no errors in the admission of evidence or in the instructions that can be said to have been prejudicial to defendant Whittlesey.

Reversed and new trial granted on appeal of defendant company. Affirmed on appeal of defendant Whittlesey.