Logsdon v. Newton.

LOGSDON V. NEWTON ET AL.

1. **Contract**: STATUTE OF FRAUDS: DELIVERY OF DEED. Where a petition averred that in pursuance of an oral contract for the purchase of land the vendor executed a deed and forwarded to another to be delivered to the plaintiff, but that such custodian, claiming to be vested with a discretion in the matter, refused to surrender the deed to the plaintiff, it was held on demurrer that the facts alleged did not show a delivery of the deed to plaintiff, such as would render the contract valid under the statute of frauds.

*Appeal from Jasper Circuit Court.*

WEDNESDAY, OCTOBER 6.

ACTION for an injunction and to obtain possession of a certain deed. The petition shows that the plaintiff purchased of the defendant Harrison Newton certain land in Jasper county; that at the time of the purchase it was agreed, orally, that a deed of the land should be executed and sent to A. L. Newton, who is made defendant; that said deed was to be delivered by said A. L. Newton to the plaintiff upon payment by the plaintiff to him of one thousand dollars, and upon executing and delivering to him his four promissory notes for the balance of the purchase money; that the defendant Harrison Newton executed such deed and sent it to A. L. Newton; that the plaintiff tendered to A. L. Newton the sum of one thousand dollars, and promissory notes for the balance of the purchase money, and demanded the deed; that A. L. Newton refused to deliver the deed, and refused to accept the tender, giving as a reason therefor that he was authorized to

refuse the same or not, as he pleased, or burn the deed; and in all respects to exercise his own judgment in relation thereto. The plaintiff prays that an injunction be granted to prevent the defendant Harrison Newton from .disposing of the land, and to prevent the defendant A. L. Newton from destroying the deed, and. to compel him to surrender it to the plaintiff, and in default of such surrender the plaintiff prays that the decree may stand for a deed.

To the petition the defendants demurred upon the ground that the contract set out appeared to be within the statute of frauds. The court sustained the demurrer and the plaintiff appeals.

*H. S. Winslow,* for appellant.

*Smith & Wilson,* for appellee.

ADAMS, CH. J.—The plaintiff insists that the petition shows that the deed was delivered. His theory is that A. L. Newton received the deed, not as agent of Harrison Newton, but as the agent of the plaintiff. Where anything is done by the grantor from which it appears that he thereby intends that the deed shall be considered as delivered, it will be so regarded. *Dayton v. Newman,* 19 Pa. St., 194; *Warren v. Sweet,* 31 N. H., 332.

1. CONTRACT: statute of frauds : delivery of deed.

In *Eckman v. Eckman,* 55 Pa. St., 269, the court said: "If the deed was passed beyond the control of the grantor by his own act, accompanied with declarations that it was to be delivered for the use and benefit of the grantee, it shall have the same effect in the hands of the custodian, though a stranger, as if delivered to the party beneficially entitled." These, and other cases holding a similar doctrine, are cited and relied upon by the appellant.

In our opinion, however, they do not sustain the appellant's position. It does not appear from the petition that the deed had passed beyond the grantor's control. The precise language of the petition touching the matter of the alleged

delivery is in these words: "That said deed was acknowledged in Madison county, Iowa, and was by said Harrison Newton sent by mail to the defendant A. L. Newton, at Newton, Jasper county, Iowa, and was to be by said defendant delivered over to your petitioner upon payment," etc. The mere sending of the deed to A. L. Newton was not of itself a delivery to the plaintiff, and it is not so claimed. What was done or said by the grantor in connection with the sending of the deed, which should make such sending a delivery, is not shown. The averment that the deed was to be delivered by A. L. Newton to plaintiff is but the plaintiff's conclusion, derived, it may be, solely from the previous agreement made at the time of the purchase. Now if there was a simple violation of that agreement, and the deed was sent to A. L. Newton with instructions that he should deliver or withhold it as he should deem best for the interest of the grantor, the title did not pass. The averments of the petition are not such as to show that such was not the fact. Some distinct word or act of the grantor, independent of the original agreement, should have been averred from which it could be reasonably inferred that the grantor, in sending the deed to A. L. Newton, intended by the sending, and by what was said or done in connection therewith, to part with the control of the deed, and to lodge the same in A. L. Newton's hands subject to the plaintiff's control, upon performing the agreement upon his part. *Cook v. Brown*, 34 N. H., 460; *Bank v. Webster*, 44 N. H., 268; *Johson v. Farley*, 45 N. H., 509; *Berry v. Anderson*, 22 Ind., 36; *Duer v. James*, 42 Md., 492. In our opinion the demurrer was properly sustained.

AFFIRMED.