TOLLEF JENSON *vs.* CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.

November 7, 1887.

**Vendor and Purchaser — Delivery of Contract — Evidence.**—Evidence considered, and *held* not to justify a finding that a certain instrument was not delivered to the party for whom it was intended.

Appeal by defendant from an order of the district court for Fillmore county, *Farmer*, J., presiding, refusing a new trial, after a verdict for plaintiff.

*H. II. Field*, for appellant, upon the point that the contract to convey was delivered, cited 3 Washb. Real Prop. 294; 20 Cent. Law Jour. 44, note 6; *Hatch* v. *Haskins*, 17 Me. 391; *Souverbye* v. *Arden*,

1 John. Ch. 240; *Stevens* v. *Hatch,* 6 Minn. 19, (64;) *Thompson* v. *Easton,* 31 Minn. 99; *Schmitt* v. *Schmitt,* 31 Minn. 106; *Gaston* v. *Merriam,* 33 Minn. 271; *Tatge* v. *Tatge,* 34 Minn. 272; *Conlan* v. *Grace,* 36 Minn. 276; *Reed* v. *Douthit,* 62 Ill. 348; *Timison* v. *Chamblin,* 88 Ill. 378; *Carnes* v. *Platt,* 41 N. Y. Sup. Ct. 435; *Blair* v. *Howell,* 68 Iowa, 619; Field, Corp. §§ 163, 164.

*G. W. Rockwell,* for respondent, cited, *contra,* *Jackson* v. *Phipps,* 12 John. 418; *Comer* v. *Baldwin,* 16 Minn. 151, (172;) *Baldwin* v. *Canfield,* 26 Minn. 43; *Elsey* v. *Metcalf,* 1 Denio, 323; *Jackson* v. *Richards,* 6 Cow. 617; *Church* v. *Gilman,* 15 Wend. 656, (30 Am. Dec. 86.)

GILFILLAN, C. J.   The action is to recover a strip of land 200 feet wide, across plaintiff's farm, in the county of Houston, which strip is in the possession of defendant, and used by it as its right of way. The defendant justifies its possession under a contract by one Stephenson, through whom plaintiff claims title, to convey to its predecessor, through whom it derives title, the strip in question, executed prior to the conveyance to plaintiff. The case made on the trial was such that if this contract was delivered to defendant's predecessor, the Southern Minnesota Railroad Company, then the defendant ought to have judgment. The jury found for plaintiff, thus finding that the contract was not delivered. The only point presented here by appellant is that the evidence does not justify this finding.

We cannot see how, upon the evidence, any reasonable mind could doubt that the contract was delivered at its date, or very soon after it. The contract—which, by the way, was never recorded nor acknowledged—was certainly, as expressly proved, at the time the suit was commenced, in the possession and among the files of defendant, the vendee's successor in interest, where it would naturally be if it was delivered, and where it would naturally not be if not delivered. The presumption of proper delivery arising from the possession of the instrument by the party for whom it was intended is very strong, and, certainly, after the lapse of so great a time as occurred in this case—nearly 20 years—before it is questioned, ought not to be permitted to be overcome by any uncertain evidence. It is not contradicted that in April, 1866, (the contract is dated the 17th of April, 1866,) the line of the railroad through the section of country in which

the plaintiff's farm lies, not having been located, one Walker, a director of the Southern Minnesota Railroad Company, and one Stevens, a citizen not connected with the company, but interested in having a certain line for the railroad adopted, were engaged in procuring, from the owners of land along that line, grants to the company of lands for its right of way, and for that purpose applied to Stephenson, who thereupon signed and sealed, and they subscribed their names as witnesses to, the contract. There is nothing to indicate that its taking effect was to be postponed, or that it was not intended that it should take effect at once. There can be no question that, as soon as signed, it passed into the hands of Walker. He reported that the right of way was secured from Stephenson to the chief engineer of the company, then engaged in making surveys for the final location of the line, and thereupon the latter, because of that information, made the final location of it, June 2, 1866. Construction of the road-bed was immediately commenced on that line, and completed so that the cars were running over the farm now owned by plaintiff before January 1, 1867. It has been continuously used as a railroad ever since. Until the commencement of this action, in 1886, no objection to nor protest against the use of the strip as a part of the railroad was ever made by Stephenson or this plaintiff.

As against the presumption raised by the possession of the contract, and the undisputed facts before recited, there is only the evidence of one Sherwood, who, in April, 1866, was a director of the company, its vice-president, and a member of the executive committee of the board of directors, and who testifies that he had no notice at that time of the contract; that the company never duly authorized Walker, by resolution or otherwise, to secure right of way, and that he had no authority to finally decide upon right of way without confirmation of the board; that it was the duty of any one securing right of way to report it to the board; that he, (Sherwood,) by virtue of the position he held, ought to have known of the matter, but had no knowledge of it; that all transactions were to be reported to the executive committee, except when the board was in session; and, except when the board was in session, the committee had control of these matters, and that such matters as these contracts, if not disaffirmed by the commit-

tee, were considered as affirmed. If the title of a grantee who has the deed in his possession, and who has occupied the premises without objection for nearly 20 years, can be overturned by testimony so indefinite and uncertain, then titles to real estate are very precarious. As against the presumptions in the case, and the undisputed facts, that testimony is not worthy to be considered.

The contract expressly gave the company the right to at once enter upon, occupy, use, and control the strip of land. By its terms the land was to be conveyed "at any time after the track is laid." In the contract was this clause: "And it is expressly agreed that the Southern Minnesota Railroad Company shall make and maintain good and sufficient fences on each side of their road across said lands; also, to make a good crossing." This is not a condition, either precedent, upon which the vesting of the company's right was made to depend, or subsequent, so that a breach would divest its rights when vested. It is only a covenant, for breach of which the remedy is by action upon it.

Order reversed, and new trial ordered.