S. B. JACKSON *et al.*, Appellants, v. A. B. ROWLEY, Appellee.

**Conveyances:** DELIVERY IN ESCROW: WHEN TITLE PASSES: RULE APPLIED. The delivery of a deed to a third person, to be by him held until the performance of certain conditions by the grantee, does not vest the title thereunder in the grantee until the conditions are performed. Accordingly, where R. executed a deed for land to P., and deposited it with C., to be delivered to P. upon the performance of certain conditions by the latter, which, however, were never performed, and in the meantime P. represented to the plaintiffs that the land was his, and the plaintiffs, knowing that the deed was held by C., and relying upon the representations of P. that he owned the land, purchased it of him, and afterwards the contract upon which the deed to P. had been made was rescinded by the parties thereto, the defendant being ignorant of P.'s deed to the plaintiffs, *held*, that the plaintiffs acquired no title to the land as against R.

*Appeal from Woodbury District Court.*—HON. SCOTT M. LADD, Judge.

TUESDAY, MAY 16, 1893.

ACTION in equity to compel the defendant to execute and deliver a deed for certain lands to the plaintiffs, and to enjoin the defendant from disposing of or incumbering said lands. There was a decree for the defendant, and the plaintiffs appeal.—*Affirmed.*

*Davis, Gantt & Briggs,* for appellants.

*Joy, Hudson, Call & Joy,* for appellee.

KINNE, J.—The following facts are either admitted in the pleadings, or satisfactorily established on the trial:

The plaintiffs, Byam & Jackson, are real estate agents in Sioux City, Iowa, and owned an equity in

certain lots in Highland Park addition to that city. This property was mortgaged to one Leighton Wynn, as trustee, for two hundred dollars per lot. Prior to August, 1889, W. H. and De Ette H. Porter, his wife, had traded for a large number of the lots referred to, taking them from Byam & Jackson subject to the incumbrance of two hundred dollars per lot. The Porters at this time owned two other houses and lots. The appellee, Rowley, was the owner of about one thousand acres of land in Yankton county, South Dakota, and on August 2, 1889, made a trade with the Porters, by the terms of which he was to transfer his land to them, subject to a mortgage of three thousand dollars, and was to receive therefor, from the Porters, the two houses and lots heretofore mentioned, and also three lots in block 28, Highland Park addition to Sioux City, being some of the lots covered by the Wynn mortgage, above mentioned. The Porters were also to erect a house, and make certain other improvements, on these three lots, and to pay all liens and incumbrances against the house and lots. Rowley, by the terms of the contract, was to execute, and place in the hands of one Clough, the warranty deed of himself and wife for the land, and also to deliver to De Ette H. Porter a mortgage for two thousand dollars. When the Porters complied with the contract on their part, Rowley was to cause Clough to deliver the deed to them. In pursuance of the contract the Porters executed to Rowley conveyances of the two houses and lots, also of the three lots, and erected a house upon the last described lots, but failed to pay off the liens and incumbrances on the property, which amounted to about three thousand dollars. The several lienholders commenced suits against Rowley and the Porters, and, it appearing that the Porters could not comply with their contract, the same was, by Rowley and the Porters, rescinded, so far as was practicable, on March 8, 1890. On the same

day the Porters and Rowley, to effect a settlement of all
matters appertaining to the proposed exchange of prop-
erties, agreed in writing that Rowley should pay off
certain mechanics' liens on the three Highland Park
lots, pay a note held by Clough, of thirty dollars, and
also pay Porter one hundred and seventy-nine dollars.
The land contract was canceled, and the deed held in
escrow by Clough was to be delivered to Rowley, as
was also the abstract for the land described in the deed.
Rowley was also to retain lot 8, in block 27, and lots
15, 16 and 24, in block 28, in Highland Park, with all
the improvements thereon.    In September, 1889, Por-
ter, it appears, had conveyed to Byam & Jackson the
Dakota land heretofore mentioned, in consideration of
which they had directed Leighton Wynn, trustee, to
release a large number of the lots from the Wynn
mortgage, and he did release enough lots, at two hun-
dred dollars each, to amount to eleven thousand dol-
lars, the sum they had agreed to pay for the Dakota
land.    At this time, neither Wynn, trustee, nor Byam
& Jackson, had knowledge of the real transaction
between Porter and Rowley, but both of them seem to
have acted upon Porter's statement that he had bought
the land of Rowley, and had a deed for it.    They saw
an abstract of the land, which showed title in Rowley,
and they had Porter's statement that he had a deed
from Rowley, but did not investigate the matter until
some months later.    When they did investigate the title
to the Dakota land, they discovered that Clough held
Rowley's deed to Porter, that the Porters had failed to
comply with their contract, and that the deed had all
the time been held by Clough as an escrow.    On March
8, 1890, when Porter and Rowley rescinded the con-
tract, Rowley had no knowledge that Porter had con-
veyed the Dakota lands, or that plaintiffs, or either of
them, had, or claimed to have, any interest in them.

The appellants claim that the Porters fully com-

plied with their contract with Rowley, and hence the deed to the Dakota lands, held by Clough in escrow, became the property of the Porters. If the conditions of the contract on the part of the Porters had been complied with, the title would, no doubt, have passed to them. But the evidence clearly shows that the Porters had not completed the house and other improvements, as agreed upon, and Rowley was compelled to, and did, pay off a large sum in satisfaction of liens and incumbrances on the property, which the Porters had agreed to pay; hence they were not entitled to the deed.

The plaintiff's real contention is that the delivery of the deed to Clough in escrow vested the title in fee simple in the Porters, as counsel say, "subject only to a defeasance by a failure on their part to carry out the contract between them and Rowley, which was the condition of the special delivery." The claim finds little, if any, support in the authorities. We understand the general rule to be well settled that when a deed is delivered to a third person, to be by him held until the performance of certain conditions by the grantee, the title does not vest in the latter until the conditions are performed. Devlin on Deeds, section 323. The following are a few of the later decisions in support of the rule above laid down: *Gaston v. City of Portland*, 16 Or. 255; 19 Pac. Rep. 127; *Hayden v. Meeks*, 14 S. W. Rep. (Ark.) 864; *Steamboat Co. v. Moragne*, 91 Ala. 610; 8 S. Rep. 867; *Daggett v. Daggett*, 143 Mass. 516; 10 N. E. Rep. 311; *Quick v. Milligan*, 108 Ind. 419; 9 N. E. Rep. 392; *Taft v. Taft*, 59 Mich. 185; 26 N. W. Rep. 426; *Patrick v. McCormick*, 10 Neb. 1; 4 N. W. Rep. 312; *Knopf v. Hansen*, 37 Minn. 215; 33 N. W. Rep. 781. See, also, 6 Am. and Eng. Encyclopedia of Law, p. 867. This court has also recognized this general rule. *Haven v. Kramer*, 41 Iowa, 387; *Logsdon v. Newton*, 54 Iowa, 448.

Counsel insist that, if the conditions of the contract had been performed, then from that time the deed ceased to be held as an escrow, and the custodian became the agent of the grantee. That question, and others argued, we need not determine. The conditions were never performed on the part of Porter. He never became entitled to the deed, and hence had no interest in the land, which he could convey to Byam & Jackson. Porter having failed to comply with his contract, it was the defendant's right to rescind the same, and enter into the contract of March 8, 1890. Having done so in good faith, and without knowledge of Byam & Jackson's claims, he is in nowise amenable to them. The plaintiffs were grossly negligent in not ascertaining the real facts touching Porter's interest in the land before canceling the mortgage they held against him. AFFIRMED.