FRANK E. TUCKER v. BEDA HELGREN.[1]

November 22, 1907.

Nos. 15,422—(152).

**Evidence—Acknowledged Instrument.**

    Section 4710, R. L. 1905, construed, and *held*, that a duly acknowledged deed, with the certificate of the proper officer indorsed thereon, in possession of and produced on the trial by a party claiming under it, is, if relevant to the issue, admissible in evidence without other proof, and is prima facie evidence, not only that it was signed by the grantor, but also that it was delivered.

Action in the district court for Hennepin county. The case was tried before Frederick V. Brown, J., who granted a motion to dismiss the action. From an order denying his motion for a new trial, plaintiff appealed. Reversed and new trial granted.

*C. D. Gould,* for appellant.

*George S. Grimes* and *John Walso,* for respondent.

[1] Reported in 113 N. W. 912.

START, C. J.

Action in ejectment, commenced in the district court of the county of Hennepin by the administrator of the estate of Hugh Nelson, deceased, to recover from the defendant possession of the land described in the complaint, which alleged that the plaintiff's intestate died March 10, 1906, seised in fee of the land. The answer admitted that Hugh Nelson died on the day named and that the plaintiff is his duly qualified administrator, denied the other allegations of the complaint, and alleged that the defendant was the owner in fee of the land and in possession thereof. On the trial of the cause the defendant admitted that on June 17, 1903, Hugh Nelson, the plaintiff's intestate, was, and had been for more than three years prior thereto, the owner in fee of the land. The plaintiff then produced and offered in evidence a warranty deed of the land, dated on June 17, 1903, from his intestate to the defendant, and a quitclaim deed thereof, dated on the same day, from the defendant to the intestate. Both deeds were in the usual form, duly executed and acknowledged, but only the warranty deed had been recorded. The deeds were received in evidence without objection, and the plaintiff rested his case. The defendant then moved the court to dismiss the case upon the ground that the evidence was not sufficient to make a prima facie case for the plaintiff. The court granted the motion, and the plaintiff appealed from an order denying his motion for a new trial.

The trial court in its memorandum to the order states that the reason why the action was dismissed was because there was no evidence that the quitclaim deed from the defendant to plaintiff's intestate was ever delivered. The deeds were properly in evidence. Therefore the precise question for our decision is whether the evidence, which consisted of the admission by the defendant that when the warranty deed was made to her by the plaintiff's intestate he was the owner of the land, his deed to her, and her deed to him, was sufficient to show a prima facie right in the plaintiff, as administrator, to the possession of the land. We are of the opinion that the evidence was sufficient to establish such prima facie right. The quitclaim deed was in evidence, and the attesting clause recited that it was signed, sealed, and delivered in the presence of the subscribing witnesses. This would seem

to be presumptive evidence that the deed was delivered. Lawson, Presumptive Ev. 101–103.

We do not, however, rest our conclusion on this ground. Section 4710, R. L. 1905, provides that every written instrument, except as therein stated, which is duly acknowledged and the certificate of the proper officer indorsed thereon, may be read in evidence in all courts and elsewhere without other proof of execution. This does not simply dispense with other proof of the signature of the party to the instrument, but it dispenses with other proof of its execution. This word, when used with reference to a deed, legally means not only the signing of the instrument, but also includes its delivery, which completes the execution and gives validity to the deed. State v. Young, 23 Minn. 551; Schwab v. Rigby, 38 Minn. 395, 38 N. W. 101; 3 Words and Phrases, 2558. It is clear that the word "execution" is used in its legal sense in the statute with reference to the force to be given to the acknowledgment of written instruments. This is apparent by comparing section 4710 with section 4730, R. L. 1905, which relates to written instruments which are not acknowledged. In the last section the words "signed or executed" are evidently used synonymously. Nielson v. Schuckman, 53 Wis. 638, 11 N. W. 44.

Section 4730, however, does not qualify the effect or force of an official acknowledgment under section 4710 as prima facie proof of the execution of instruments authorized to be acknowledged. Romer v. Conter, 53 Minn. 171, 54 N. W. 1052. The case last cited was an action on a bond which was duly acknowledged. The defendant by his verified answer denied that he ever executed or acknowledged the bond. On the trial the plaintiff gave no other evidence of the execution of the bond except the certificate of acknowledgment indorsed thereon. It was received in evidence over the defendant's objection, and the plaintiff rested. The defendant and his witnesses then testified that he never signed or delivered the bond and rested. Verdict for plaintiff, and it was held on appeal that the certificate of acknowledgment was prima facie evidence of the execution of the bond.

It is to be noted that the effect to be given to the acknowledgment in no manner depends upon whether or not the instrument has been recorded. We therefore hold that, by virtue of the statute, a duly

acknowledged deed, with the certificate of the proper officer indorsed thereon, in possession of and produced on the trial by a party claiming under it, is, if relevant to the issue, admissible in evidence without other proof, and is prima facie evidence, not only that it was signed by the grantor, but also that it was delivered. Without reference to such a statute, it has been held that the production of a deed by the attorney of the grantee thereof, or by his heirs, on the trial, is prima facie evidence that it was delivered by the grantee. Branson v. Caruthers, 49 Cal. 374; Steeple v. Downing, 60 Ind. 478, 497. If this be correct, we see no reason why, without reference to our statute, the production on the trial and introduction in evidence of a deed to his intestate by an administrator should not be held to be prima facie evidence of the delivery of the deed, for the administrator is authorized to take possession of the property of his intestate, including the muniments of title thereto, and further, he is the personal representative of the deceased. In such a case there is no presumption that he wrongfully came into possession of the deed.

It is suggested that the fact that the administrator failed to testify as to how the deed came into his possession overcomes the presumptions arising from the possession of the deed. He was only bound to establish a prime facie case. He had the same right to remain silent as the defendant, the grantor in the deed, who might have testified, if she had so elected, as to what she did with the deed after she signed it, for this would not involve a conversation with a deceased person. The trial court erred in dismissing the plaintiff's action, for his evidence, in the absence of any on the part of the defendant, was sufficient to warrant a verdict in his favor.

Order reversed and a new trial granted.