# ASHER MURRAY v. L. D. FOSKETT and Another.[1]

February 24, 1911.

Nos. 16,843—(190).

**Effect of stipulation — deposit of deeds in escrow.**

A grantor, plaintiff, deposited three warranty deeds in escrow, with instructions to deliver on payment of $4 per acre, to pay the mortgages thereon, and to remit the balance less expenses. The depository bank, defendant, delivered the deeds to another bank. One deed was returned to plaintiff, but two were recorded. The mortgages were not paid. It was stipulated "that the liability of the defendant in this case is the same as if the money called for by the agreement under which the deeds were delivered to defendant was in fact actually paid to the defendant." It is *held*, under such stipulation, the trial court was justified in giving plaintiff judgment in a sum obtained by multiplying $4 by the number of acres in the two recorded deeds.

**Acknowledged deed — admissible in evidence, when.**

Under section 4710, R. L. 1905, a duly acknowledged deed, with the certificate of the proper officer indorsed thereon, in possession of and produced by the party claiming under it, is, if relevant to the issues, admissible in evidence without other proof, and is prima facie evidence, not only that it was signed by the grantor, but also that it was delivered. Tucker v. Helgren, 102 Minn. 382.

Action in the district court for Polk county to recover $1,355 or to require defendant to pay the mortgage incumbrances against certain described premises, with accrued interest from the date of delivery of certain deeds, and pay the balance of the purchase price for the premises at the rate of $4 per acre. In their answer defendants, among other matters, alleged that there were only three hundred twenty acres of land included in the deeds delivered to Olaus Jacobson, amounting in all, at the value placed thereon by plaintiff, to the sum of $1,280 and that the mortgage incumbrance thereon amounted to $848.50, leaving plaintiff's equity therein $431.50; that in case it should be determined that defendants were liable to

[1]Reported in 130 N. W. 14.

plaintiff in any sum, the amount should not exceed the value of plaintiff's equity in the premises. The reply admitted the mortgages had not been paid, but denied the other allegations of the answer, except those allegations constituting admissions of plaintiff's amended complaint. The case was tried before Watts, J., who made findings of fact and as conclusion of law found that plaintiff was entitled to judgment for $1,250. From an order denying defendants' motion for a new trial, they appealed. Affirmed.

*Geo. M. Bleecker* and *James E. O'Brien,* for appellants.

*H. J. Maxfield* and *Martin O'Brien,* for respondent.

[JAGGARD, J.] [1]

This is an action to recover damages claimed to have resulted from the failure to perform the terms of an escrow agreement. The court, on findings of fact and conclusions of law, ordered judgment for plaintiff and respondent. The defendant and appellant moved for judgment notwithstanding the decision or for a new trial. The appeal was taken from the order denying that motion.

Plaintiff was the owner of four hundred eighty acres of land in Hubbard county, incumbered with mortgages aggregating $1,160.50. The plaintiff agreed to sell that land free from incumbrance to one Jacobson for $4 per acre. With his wife he executed three separate warranty deeds, each covering one hundred sixty acres, and each running to Jacobson. Plaintiff sent these three deeds, with an abstract of title, to defendant, with the following instructions:

"You may deliver these deeds and abstracts to Mr. Peterson, on payment of nineteen hundred and twenty dollars balance due me on sale of this land. Out of this money you may deduct $1,160.50, and remit it to Frank Wilson Investment Co., of Wadena, to pay three mortgages now on the land, as per statement herewith. You can also reserve say ten or fifteen dollars to cover expense of recording releases of these mortgages and showing them on the abstracts, and remit balance to me. And, when Mr. Peterson gives you a statement of the share of expense properly chargeable to me, you may pay him

[1]See per curiam order on page 48.

out of the $10 or $15 reserved, and send balance to me, with statement, less your own charges."

Defendant received the deeds and instructions, and undertook the collection, and sent them to another bank for delivery on payment. One of the three original deeds was returned, undelivered and unrecorded, to the plaintiff, by the defendant. Two deeds appear to have been recorded, but the details of their delivery are undisclosed. The defendant on this appeal insists upon the substance of many facts as to which there is no occasion to make any statement here, in view of the stipulation which will be hereinafter quoted. The lower court ordered judgment for the plaintiff for $1,280; that is, $4 per acre for the three hundred twenty acres covered by the two deeds which were recorded. The defendant insists that he is aggrieved by the decision of the court in two respects, which will be considered in the order in which he states them.

1. Defendant insists: "It appears from the evidence that respondent has not suffered any damage, for the reason that he is still the owner of the land; no title having passed, because of the unauthorized delivery of the deeds." In that connection he insists that there is no evidence as to the delivery of these deeds by the defendant, nor as to their possession by Jacobson or his agents, nor as to who brought or sent them to the register's office. It is quite unnecessary to further state either defendant's position or to consider the authorities to which he refers us, because of a stipulation entered into between the parties, which we will subsequently set forth.

We are unwilling to appear, however, as recognizing that "when a deed is left with a third party by the grantor as an escrow, to be delivered to the grantee by such third party upon the performance of a condition, and such deed is delivered without the performance of the condition, the deed conveys no title either to the grantee or purchaser under him." Many authorities are cited in support of this position. Thus in Haven v. Kramer, 41 Iowa, 382, the court says: "The pretty decided weight of authority is that where the depositary of a deed held as an escrow delivers it to the grantee, without performance of the conditions upon which the delivery was to be made, no title passes, and a subsequent purchaser from such grantee, without

notice, and for a valuable consideration, acquires no title and will not be protected." Jackson v. Rowley, 88 Iowa, 184, 55 N. W. 339; Black v. Shreve, 13 N. J. Eq. 455, 458; Everts v. Agnes, 4 Wis. 356, 65 Am. Dec. 314; Stanley v. Valentine, 79 Ill. 544; Shirley v. Ayers, 14 Ohio, 307, 45 Am. Dec. 546.

Nor are we willing to impliedly admit that sequence from the initially fallacious premise that the principal may never be held with respect to third persons for the unauthorized acts of his agent. See Penas v. Chicago, M. & St. P. Ry. Co., 112 Minn. 203, 127 N. W. 926. In brief, the burden does not rest upon the grantee in a deed, before receiving it, to investigate whether it had previously been deposited in escrow with a depositary who had violated the terms of his trust. On the contrary, it is the settled rule in this state, under section 4710, R. L. 1905, that a duly acknowledged deed, with the certificate of the proper officer indorsed thereon, in possession of and produced on trial by a party claiming under it, is, if relevant to the issues, admissible in evidence without other proof, and is prima facie evidence, not only that it was signed by the grantor, but also that it was delivered. Chief Justice Start, in Tucker v. Helgren, 102 Minn. 382, 113 N. W. 912.

The stipulation to which we have referred was as follows: "That the liability of the defendant in this case is the same as if the money called for by the agreement under which the deeds in question were delivered to defendant was in fact actually paid to the defendant." That stipulation has been in no wise assailed. Nor was any application made for relief from its terms, on the ground of mistake or otherwise. We must respect it, and be governed by it. Literally construed, that stipulation bound defendant to the receipt of $1,920 for the three tracts of four hundred eighty acres of land.

It appears affirmatively, however, that only two deeds to Jacobson, covering only three hundred twenty acres, had been recorded, and that one deed had been returned to the defendant by the plaintiff. In the light of these facts, the stipulation was regarded by the trial court as determining the liability of the defendant in this case as being the same as if the money called for by the agreement under which the deeds in question were delivered to defendant was in fact

actually paid to the defendant, in the amount of $1,280 for two of the three tracts of land. To this disposition the plaintiff does not object; and defendant is in no position to complain of this relief from the literal result to which he formally consented.

It would appear, from the stipulation, that for purposes of liability in this lawsuit defendant must be treated as having the full consideration of these two deeds, to wit, $1,280, in his possession. To whom would that money belong? If the persons interested in the payment of the mortgages were before the court, and the controversy concerned their rights as against either or both defendant and plaintiff, an obviously different situation would be presented, as to the result of which there is no present occasion for expression of opinion. The defendant, it is expressly admitted, had not paid such creditors or discharged the mortgages. It is not insisted that defendant was under any present obligations so to do, while plaintiff had given warranty deeds to his grantee, and was presumptively under liability under his covenant against incumbrances. The position of the parties in its simplest terms is this: The defendant had $1,280 of plaintiff's money in his possession. Plaintiff was obviously entitled to its recovery.

In the view here taken it has been deemed unnecessary to refer to many considerations urged upon us by defendant, and especially the consideration of certain findings of fact by the trial court, which he assails as not being supported by the evidence.

PER CURIAM.

For the reasons given in the foregoing opinion, prepared by the late Justice JAGGARD, and in accordance with the conclusions reached by the court, the order appealed from is affirmed.