# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF MINNESOTA.

---

## DE FORREST WARD v. ALBERT R. ALLEN.[1]

### July 13, 1917.

### Nos. 20,413—(111).

**Chattel mortgage — delivery — no question for jury.**

1. The evidence examined and *held* insufficient to warrant the submission to the jury of the question of delivery of the chattel mortgage under which plaintiff claims title.

**Same — part performance of contract — evidence.**

2. Plaintiff was not entitled to a directed verdict, for the evidence would justify the jury in finding that a valid contract was entered into whereby the said chattel mortgage was to be extinguished, that such contract had been partly performed by defendant, and that he was ready, willing and able to completely perform his part thereof.

Action in replevin in the district court for Martin county, or in case possession could not be had for $4,000, the value of the property. The case was tried before Quinn, J., who at the close of the testimony denied plaintiff's motion for a directed verdict, and a jury which returned a verdict in favor of defendant and found the value of the property was $1,500. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Reversed.

*John E. Palmer,* for appellant.

*Putnam & Carlson,* for respondent.

[1]Reported in 163 N. W. 749.

138 M—1

HOLT, J.

Action in replevin. Defendant had a verdict, and plaintiff moved in the alternative for judgment non obstante, or a new trial. The motion was denied and this appeal resulted.

The parties were partners in the practice of law for 5 years. Upon the dissolution of the partnership the defendant gave to plaintiff his promissory note for $750, agreed to pay the firm indebtedness, with one exception, and took over the firm assets, including a, law library and office furniture. About a year thereafter, or in September, 1908, to adjust the amount then due on the $750 note and upon the firm indebtedness, which plaintiff had in the meantime taken up, defendant gave plaintiff his three promissory notes in the sum of $1,500 each, secured by chattel mortgage upon the law library and office furniture. Default was made in the payment of these several notes, and, on September 1, 1911, the parties agreed that upon the four notes mentioned there was then due $6,000. To evidence this indebtedness defendant gave plaintiff two promissory notes, one for $1,500, due December 1, 1912, and one for $4,500, due five years from that date, both bearing six per cent interest. So far there is no material dispute between the parties. It appears that two chattel mortgages upon the property mentioned were executed at the time these two notes were made. The one securing the $1,500 note defendant admits; but the one purporting to secure the $4,500 note, being the one upon which plaintiff predicates his cause of action, defendant denies. The complaint alleged the ownership and right to the immediate possession of the goods described in the mortgage, their wrongful detention by defendant, after demand, and the value. The answer was a general denial, except the value of the property was admitted in the amount of $1,500. The court instructed the jury that defendant was entitled to a verdict, if they found there had been no delivery of the mortgage, and also the same verdict should be returned, if the facts were as claimed by defendant in respect to the compromise hereinafter referred to.

The main contention of appellant is that the verdict is not justified by the evidence under either of the two defenses submitted to the jury. The particular assignments of error challenging these defenses relate to the charge. It is claimed the court erred in submitting the question of

delivery of this $4,500 chattel mortgage to the jury. A perusal of the testimony leaves us with the conviction that the verdict cannot be sustained if based upon nondelivery. Defendant in his testimony admitted his signature to the mortgage, declared his implicit confidence in the integrity of the notary who took his acknowledgment and of the witnesses to his execution of the instrument. It is true, he stated that, although the signature is his, he never consciously signed or acknowledged the execution of the mortgage, and further made the bald statement that it was not delivered; but we think that should be held on a par with the statement in respect to the signing and acknowledgment. The fact remains, he did sign and acknowledge the instrument and it is now in the hands of the grantee. If the signing and acknowledgment were unconsciously done, so must have been the delivery. The unconscious part must refer to the present recollection. After the lapse of five years the details of a transaction fade readily from the memory, especially of a busy lawyer who almost daily has to do with the execution and delivery of instruments. Defendant was a lawyer of many years standing. He labored under no mental disability. Apparently ample time was taken in adjusting the business both parties had in mind. It is inconceivable that defendant would unconsciously execute two chattel mortgages if he intended to execute but one. If he excuted the one for delivery, the other must have been executed for the same purpose. Plaintiff testified to a delivery and the legal presumptions as well as the surrounding circumstances are so strongly corroborative thereof that we conclude no issue was raised for the jury upon this defense. Jenson v. Chicago, M. & St. P. Ry. Co. 37 Minn. 383, 34 N. W. 743; Tucker v. Helgren, 102 Minn. 382, 113 N. W. 912; Murray v. Foskett, 114 Minn. 44, 130 N. W. 14.

This error will necessitate a new trial, for it cannot now be ascertained upon which submitted defense the verdict rests. It cannot be held that plaintiff has waived the right to challenge the defense now discussed by requesting an instruction as to the quantum of proof necessary to overcome the presumption of delivery.

But plaintiff claims that he was entitled to a directed verdict, and that the defense of equitable estoppel, so called, submitted by the court was not made out. We think the evidence made a case for the jury upon this

branch of the defense. The situation on May 7, 1915, was this: Plaintiff had placed the $1,500 note in judgment, execution had been returned unsatisfied, and an order in supplementary proceedings had issued requiring defendant to make a disclosure concerning his property at 11 o'clock that day. The parties had previously met to adjust the matters between them, and had progressed so far that a meeting on this date had been arranged for in defendant's office at Fairmont. Early in the forenoon plaintiff arrived, and also Mr. Putnam who was to assist defendant. The judgment mentioned, with costs, amounted to nearly $1,800. The $4,500 was unpaid, but not due. The security was insufficient and the maker of the note of doubtful financial responsibility. Defendant testified that it was then and there agreed that he should pay plaintiff in full for all claims held against him $4,250. Of this sum $1,250 should be paid in cash, and the balance should be paid by plaintiff receiving a promissory note of one Virgens for $3,000 secured by an assignment of a one-third interest in a second mortgage of $10,000 upon Virgens' farm. An additional sum should also then be paid plaintiff equivalent to 3 per cent per annum upon the Virgens' note from that date to its maturity. This agreement having been concluded, Mr. Putnam, for defendant, went with plaintiff to the bank, procured $1,750 which was turned over to plaintiff who was to retain $1,250, was to satisfy the judgment and chattel mortgages, and return to defendant's office, where he was to receive the Virgens' note and mortgage and return to defendant any balance of the $1,750 that might come to him upon a proper computation of the additional interest plaintiff was to have on the Virgens' note. Plaintiff went to satisfy the note and mortgage and returned to defendant's office, when the Virgens' note with proper assignment of the mortgage securing it, as agreed, was tendered, but in the meantime the parties seem to have been unable to figure the additional interest plaintiff was to have upon the Virgens' note so as to arrive at the same result. Thereupon plaintiff refused to accept the Virgens' note and mortgage, and left without offering to return the money he had received. Plaintiff's version of the alleged settlement is unnecessary to here state. It differs materially from defendant's, but the jury could have found defendant's true. According to that a new contract was entered into based upon an adequate consideration. An apparently uncollectable judgment of $1,800,

and a note of $4,500 equally doubtful, except as both were secured by chattel mortgages on property worth no more than $1,500, in defendant's opinion, the note not due until a year and four months thereafter, were compromised and settled for $4,250 in cash and note adequately secured as already stated. From these facts the jury might conclude that there had been to all intents and purposes an accord and satisfaction, so far as defendant was concerned, in that the promise of defendant to perform the compromise, or new contract, that is, to pay the money and turn over the Virgens' note and mortgage, had been accepted as a satisfaction of the accord. In section 98, 1 C. J. 567, it is said: "It is too well settled to admit of doubt that, if the promise or agreement itself, and not the performance thereof, is accepted in satisfaction of the demand, and the agreement to accept is based on a sufficient consideration, the demand is extinguished and cannot be the foundation of an action," and many cases are cited illustrating the rule. Among these we find Bandman v. Finn, 185 N. Y. 508, 78 N. E. 175, 12 L.R.A. (N.S.) 1134, which might be said to present facts of sufficient similarity to those here disclosed so that the same legal theory there applied ought to govern here. See also Chicora F. Co. v. Duncan, 91 Md. 144, 46 Atl. 547, 50 L.R.A. 401. The jury might well find that plaintiff accepted the promise of defendant to pay the $1,250 and assign the Virgens' note and mortgage with the additional 3 per cent as a full satisfaction of the compromise. If such were the fact, none of the old claims embraced in the compromise can be enforced. The circumstance that both parties were lawyers of experience points to the conclusion that their promises and agreements in the new contract were intended to satisfy and supersede the old claims as compromised. The $1,750 was no doubt turned over and received upon the new contract, and neither could have harbored the thought that it was to apply upon the prior claims. We think defendant's evidence on this branch of the case makes a question of fact to be decided by the jury under proper instruction.

Nothing need be said on the exclusion of exhibit H. If the exhibit be deemed material, we see no reason why a somewhat better foundation for its introduction may not be readily furnished at a future trial.

The assignments of error directed against the charge of the court re-

quire no discussion, except to say that we fail to see how a defense of equitable estoppel can be worked out.

Since defendant professes to be anxious and willing to carry out the new contract, it is not amiss to suggest that he place his offer so to do in such shape at the trial of the case that plaintiff may be assured of what is still coming to him without further litigation.

The cause is remanded with direction to grant a new trial.

Mr. Justice Quinn took no part in the decision of this case.