## MAE O. HEDDING v. MARY SCHAUBLE.[1]

June 4, 1920.

No. 21,806.

**Deed — statutory evidence of due execution and delivery.**

1. The statute makes a deed properly signed, witnessed and acknowledged prima facie evidence that it was duly executed and delivered.

**Deed with name of grantee omitted a nullity.**

2. A deed without the name of a grantee therein, although complete and properly executed in all other respects, is a nullity until the name of a grantee has been lawfully inserted.

**Grantee not entitled to statutory presumption.**

3. Plaintiff, having received the deed in controversy, knowing that her name had been inserted as grantee therein by a real estate broker after the deed had passed out of the hands of the grantor, could not rest on the presumption created by the statute, but was required to show that the broker had actual or apparent authority to insert her name.

[1] Reported in 177 N. W. 1019.

**Authority of broker to insert name of grantee.**
> 4. That the broker assumed to have such authority is, as against the grantor, no evidence that he possessed it.

**Defendant entitled to show broker's lack of authority.**
> 5. No apparent authority to complete or deliver the deed was shown in the broker, and plaintiff was bound to know the nature and extent of his actual authority, and defendant was entitled to show his lack of authority.

Action in ejectment in the district court for Hennepin county, and to recover $500 damages for withholding possession of the property and $1,000 for use and occupation thereof. The answer interposed a counterclaim for $1,000. The case was tried before Bardwell, J., who at the close of the testimony granted plaintiff's motion for a directed verdict. From an order denying her motion for a new trial, defendant appealed. Reversed.

*W. G. Compton* and *Frank McNulty,* for appellant.
*William B. McIntyre* and *Frank T. O'Malley,* for respondent.

TAYLOR, C.

This is an action in ejectment involving the same property that was involved in the case of Schauble v. Hedding, 138 Minn. 187, 164 N. W. 808. In that action Mrs. Schauble sought to recover possession of the property from Mrs. Hedding, but, before the action was finally determined, Mrs. Hedding's tenant moved out of the building leaving it vacant, whereupon Mrs. Schauble moved in and is now in possession. The present action followed. The trial court directed a verdict for plaintiff and defendant appeals from an order denying a new trial.

Considerable evidence seems to have been presented in the former case, which was not presented in the present case, and hence is not now before us. The case turns on the validity or invalidity of a deed executed April 8, 1914, and recorded April 9, 1914, purporting to convey the property from the defendant to the plaintiff. The deed was put in evidence by plaintiff, and, being properly signed, witnessed and acknowledged, was prima facie evidence that it had been duly executed and delivered. Section 8425, G. S. 1913; Tucker v. Helgren, 102 Minn. 382, 113 N. W. 912; Murray v. Foskett, 114 Minn. 44, 130 N. W. 14.

It is conceded, however, that when defendant signed and acknowledged the deed it contained the name of no grantee; that defendant gave the deed in this condition to W. H. Hatton, a real estate broker in the city of St. Paul; that on the next day Hatton presented the deed to plaintiff's husband in the city of Minneapolis who noted the fact that it contained no grantee; that Hatton asked what name to insert and was told by plaintiff's husband to insert plaintiff's name; that Hatton took a pen and wrote plaintiff's name in the space left for the name of the grantee and then delivered the deed to plaintiff's husband, and that plaintiff's husband was plaintiff's representative and agent in all the matters involved herein. At the trial defendant attempted to show the instructions she gave Hatton at the time she delivered the incomplete deed to him, but these instructions were excluded on plaintiff's objection that they were not admissible against her, because they had not been communicated to her. Defendant then offered to prove that at the time she gave the deed to Hatton she instructed him to keep it and not let it go out of his possession without orders from her, and that she had never given him permission to insert the name of a grantee in the deed or to part with the possession of it. The evidence so proffered was also excluded on plaintiff's objection. Whether the court erred in these rulings is the principal question argued.

The deed was a nullity until the name of a grantee was lawfully inserted therein. Board of Education v. Hughes, 118 Minn. 404, 136 N. W. 1095, 41 L.R.A.(N.S.) 637; Werntz v. Bolen, 135 Minn. 449, 161 N. W. 155; Schauble v. Hedding, 138 Minn. 187, 164 N. W. 808. It being admitted that, after the deed had been signed and acknowledged and had passed out of the hands of defendant, it had been changed by inserting the name of plaintiff as grantee, and that plaintiff through her husband, who acted as her representative and agent, was a party to the making of this change and had full knowledge of it, the prima facie presumption created by the statute in support of a duly-acknowledged instrument was completely overcome, and it was incumbent on plaintiff to show that Hatton had actual or apparent authority to insert her name in the deed. That Hatton assumed to have and exercise such authority is, as against defendant, no evidence that he possessed it. Graves v. Horton, 38 Minn. 66, 35 N. W. 568; Gude v.

Exchange Fire Ins. Co. 53 Minn. 220, 54 N. W. 1117; Halverson v. Chicago, M. & St. P. R. Co. 57 Minn. 142, 58 N. W. 871; Burchard v. Hull, 71 Minn. 430, 74 N. W. 163; First Nat. Bank v. St. Anthony & D. Ele. Co. 103 Minn. 82, 114 N. W. 265. Plaintiff not only offered no evidence to prove that Hatton had either actual or apparent authority to insert her name in the deed, but insists that the fact that he lacked such authority cannot be proved as against her because the instructions given him were not communicated to her. Unless there were facts and circumstances showing apparent authority in Hatton to complete and deliver the deed which were sufficient to estop defendant from denying his authority, plaintiff was bound to find out the nature and extent of his authority and acted at her peril if she failed to do so. Dispatch Printing Co. v. National Bank of Commerce, 109 Minn. 440, 124 N. W. 236, 50 L.R.A. (N.S.) 74; Ermentrout v. Girard F. & M. Ins. Co. 63 Minn. 305, 65 N. W. 635, 30 L.R.A. 346, 56 Am. St. 481.

There is nothing in the record to show that negotiations concerning this property were in progress between plaintiff and defendant, or to show that defendant had ever employed or authorized Hatton to do anything whatever in respect to a sale or exchange of this property, or to transact any business whatever on her behalf with plaintiff for any one else. We search the record in vain for any facts or circumstances tending to show that Hatton had apparent authority to complete or deliver this deed, and there is no basis for the claim that defendant was estopped from denying his authority.

The validity of the deed was not established, and the excluded evidence was clearly admissible. It follows that the order appealed from must be and is reversed.