## J. G. TROVATTEN v. C. O. HANSON.[1]

October 5, 1928.

No. 26,865.

**When an accounting and new contract for payment amount to accord and satisfaction.**

1. Where debtor and creditor have an accounting, agree upon the amount due and then make a new contract for the payment of that amount intended to supersede the prior contracts, and it is supported by a new consideration, it is valid and binding and operates as an accord and satisfaction of such prior contracts.

**Directed verdict in action of replevin proper.**

2. Where, in an action of replevin under a chattel mortgage given as part of such new contract, the making of the contract and the default are admitted, a verdict was properly directed for plaintiff.

**Claimed credits insufficient to impeach accord and satisfaction.**

3. The refusal to permit defendant to include in his amended answer a claim for credits which he claims to have forgotten 'when making the settlement but had never asserted prior thereto was not only within the discretion of the court, but the facts which he proposed to prove were insufficient to impeach the accord and satisfaction.

Accord and Satisfaction, 1 C. J. p. 567 n. 41; p. 568 n. 43, 44, 45; p. 569 n. 59.

Defendant appealed from an order of the district court for Yellow Medicine county, Qvale, J. denying his alternative motion for judgment or a new trial. Affirmed.

*Charles L. DeReu,* for appellant.

*Daly & Barnard,* for respondent.

TAYLOR, C.

This is an action in replevin in which plaintiff claims under a chattel mortgage. It has been tried twice. The first trial resulted in a verdict for defendant. Plaintiff made a motion for judgment non obstante or for a new trial, and the motion for judg-

[1]Reported in 221 N. W. 238.

ment was granted. On appeal this court reversed the order for judgment and remanded the case for the trial court to determine the motion for a new trial. In remanding the case, this court stated that while the record was confusing the defense seemed to be a claim of payment, proof of which was not admissible for the reason that payment had not been pleaded; and further stated that in case a new trial were granted a motion to amend the answer by alleging payment should be entertained. Trovatten v. Hanson, 171 Minn. 130, 213 N. W. 536. A new trial was granted and an amended answer was filed alleging payment. Plaintiff filed a reply alleging that on December 21, 1923, a full and complete accounting and settlement was had between the parties, and that defendant as an accord and satisfaction of the amount found due to plaintiff and for a valuable consideration executed his promissory notes for the amount so found due and secured the payment thereof by executing the chattel mortgage in question.

We give a brief outline of the facts:

In 1920 defendant purchased from plaintiff a Fordson tractor and also a Case tractor. In 1921 he purchased a threshing machine separator and a cultivator. He gave his promissory notes for a considerable part of the purchase price of these machines, and also owed plaintiff a small book account for certain minor items. In 1922 plaintiff refused to give defendant any further credit and pressed for payment of the existing indebtedness, but finally granted defendant's request for an extension of time. In 1923 plaintiff again pressed for payment. Defendant, through his attorney, sought a further extension of time. To complete the negotiations so initiated, defendant and his attorney met with plaintiff and plaintiff's attorney on December 21, 1923. The notes and book account were produced showing the items of indebtedness and the credits thereon, and the balance due was computed to be and was agreed upon at the sum of $1,275. There was no controversy or dispute whatever concerning the amount of the debts or of the credits thereon, and the accounting consisted simply in computing the amount remaining due, which was done by the attorneys. The

amount due as computed by defendant's attorney was in fact a few cents more than the amount as computed by plaintiff's attorney, whereupon the amount as computed by plaintiff's attorney was agreed upon as the amount due. When the amount due had been determined, defendant made the proposition that if plaintiff would sell him a drill and give him an extension of time he would give new promissory notes for the amount found due plus the price of the drill and secure payment thereof by a chattel mortgage. Plaintiff accepted the proposition. The price of the drill, $180, was added to the $1,275, making a total of $1,455, for which amount defendant executed his promissory notes payable on or before September 1, 1924, and to secure the payment thereof executed the chattel mortgage under which plaintiff claims.

Plaintiff established the foregoing facts in his case in chief. They are admitted by defendant and stand unquestioned. At the trial, the court permitted defendant to prove any payments made subsequent to the settlement of December 21, 1923, but excluded evidence offered to prove payments claimed to have been made prior to that date on the ground that the transaction on that date constituted a settlement and an accord and satisfaction of all claims existing prior thereto. There was no dispute as to the payments made subsequent to the settlement, nor as to the amount due if the settlement constituted an accord and satisfaction binding on defendant, and the court directed a verdict for plaintiff. Defendant made a motion for judgment non obstante or for a new trial, and appealed from the order denying it.

If the transaction of December 21, 1923, constituted an accord and satisfaction of the prior debts, the action of the court was correct.

Defendant urges that there was no compromise of a disputed claim as none of the claims were disputed. While the doctrine of accord and satisfaction is perhaps most frequently applied in cases in which the parties have agreed upon a compromise and settlement of disputed or unliquidated claims, it is by no means confined to such cases. Where the parties make a contract in respect to

liquidated and undisputed claims intended to supersede the prior contracts in respect thereto,· and the new contract is supported by a new consideration, it is valid and binding and operates as an accord and satisfaction of such prior contracts. That is, it supersedes and is substituted for the prior contracts, and the rights and obligations of the parties rest upon and are determined by it. Schweider v. Lang, 29 Minn. 254, 13 N. W. 33, 43 Am. R. 202; First Nat. Bank v. Gallagher, 119 Minn. 463, 138 N. W. 681, Ann. Cas. 1914B, 120; Ward v. Allen, 138 Minn. 1, 163 N. W. 749; 1 C. J. 567, and numerous cases cited under note 41. Also see Imperial Elev. Co. v. Hartford A. & I. Co. 163 Minn. 481, par. 3, 204 N. W. 531, 42 A. L. R. 559. The contract in question was clearly intended to supersede and take the place of the former contracts and is supported by a new consideration—defendant was granted the requested extension of time and was given credit for the purchase price of the drill, and plaintiff received new security for the amount due. It operated as a release and discharge of the prior claims; and the rights, obligations and remedies of the parties rest upon and are determined solely by this new agreement. 1 C. J. 568, notes 43, 44 and 45.

Defendant complains because the. court excluded his testimony offered for the purpose of impeaching the accord and satisfaction and refused to permit him to set forth this claim in his amended answer. The ruling was within the discretion of the trial court. But this aside, the testimony proffered, if true, furnished no ground for impeaching or setting aside the contract. It went no further than to claim that prior to the settlement defendant had delivered quantities of millet seed and other products to plaintiff for which he forgot to claim credit at the settlement. He admits, in substance, that he had never, either before or after the settlement, made a claim that he had furnished such products until he asserted it as a defense to this action. His claim was discredited to such an extent that the trial court evidently believed there was no basis for·it. However this may be, we are satisfied that it furnished no ground for impeaching the accord and satisfaction.

Order affirmed.