PETER J. DEMPSEY v. GEORGE ALLEN AND OTHERS.[1]

June 6, 1941.

No. 32,825.

*Coller & Coller* and *Farmer & Tighe,* for appellant.
*H. A. Irwin,* for respondents.

STONE, JUSTICE.

Plaintiff's appeal from the judgment for defendants presents but a single issue arising from the decision below denying plaintiff's claim that a deed, apparently executed by him, was a forgery.

Paul Dempsey, father of plaintiff, died intestate in 1876. He was then owner in fee of the three lots in the townsite of Savage, Scott county, the title of which is now involved. They were his homestead so that his widow, Susan Dempsey, took the life estate and their son, plaintiff, the remainder. The widow married Michael Allen. She reached an advanced age and departed this life in March, 1939.

After her death, there was found among her papers the deed now under attack. For a recited consideration of $1,850, it conveyed the premises to Michael and Susan Allen. In form, it was a deed of special warranty. Plaintiff was the named grantor, and the

[1]Reported in 298 N. W. 570.

deed appears to have been signed and acknowledged by him in the presence of two witnesses. If valid, it divested plaintiff of title.

His testimony that he did not sign the deed has some corroboration in the fact that the deed seems to have been long ignored by all concerned, especially the grantees. Only after the death of one of the latter, plaintiff's mother, was the deed recorded. On the other hand, the genuineness of notary's signature and seal is admitted. The notary was also one of the witnesses, and their signatures are not questioned.

There was the characteristic conflict between the testimony of two handwriting experts, one for plaintiff and the other for defendants. Each explained in detail what he considered the justification for his conclusion.

What has been said is enough to show that the question was one of fact and that its answer below has support in the evidence.

■ Under our statute, 2 Mason Minn. St. 1927, § 9864, the duly acknowledged deed was *prima facie* proof of both its genuineness and delivery, in favor of defendants, who properly claimed under it. Tucker v. Helgren, 102 Minn. 382, 113 N. W. 912; Vessey v. Dwyer, 116 Minn. 245, 133 N. W. 613. The record well sustains the decision below that the *prima facie* case so made for defendants was not defeated by the evidence. That is because the opposing evidence was not such as to compel belief and was not believed by the judge. Compare Ryan v. Metropolitan L. Ins. Co. 206 Minn. 562, 570, 289 N. W. 557.

Judgment affirmed.